ROSS (KROUSE v.). See Case No. 7,939.

ROSS (LOCKHART v.). See Case No. 8,447.

ROSS v. The NEVERSINK. See Case No. 12,-079.

## Case No. 12,077.

### ROSS et al. v. PEASLEE.

[2 Curt. 499.] 2

Circuit Court, D. Massachusetts. Oct. Term, 1855.

CUSTOMS DUTIES — NON-ENUMERATED ARTICLES — PRIOR ACT OF CONGRESS.

An article not enumerated by name in the tariff act of 1846 (9 Stat. 42) does not come under the section of that act which provides for non-enumerated articles, provided it so resembles some enumerated article in quality, material, or use, as to be governed by the 20th section of the tariff act of 1842 (5 Stat. 565), which is unrepealed.

[Cited in Field v. Schell, Case No. 4,772; Cohen v. Phelps, Id. 2,964.]

1 [Reported by Hon. William Cranch, Chief Judge.]

2 [Reported by Hon. B. R. Curtis, Circuit Justice.]

This was an action [by Henry W. Ross and others against Charles H. Peaslee] for money had and received, to recover back money alleged to have been illegally exacted by the defendant, who is collector of the customs of the port of Boston, in payment of duties. The import in question was entered as "7 casks of brown tartar," paying a duty of five per cent. ad valorem. It was charged with a duty of twenty per centum ad valorem. Much evidence was introduced, tending to show that the import in question was not in a naturally crude state, but had undergone a process of refining. It was agreed that it was not known in commerce as "cream of tartar." But the defendant insisted it was not "argols or crude tartar" named in the tariff act of 1846, and there subjected to a duty of five per cent., but bore such resemblance to cream of tartar that it should be subjected to a duty of twenty per cent.

Mr. Griswold, for plaintiff.

Mr. Hallett, Dist. Atty., contra.

CURTIS, Circuit Justice. If this import, samples of which are produced, was known in the commerce of the United States, when the tariff act of 1846 was passed, as argols, or crude tartar, it is subject to a duty of five per cent. only. It appears that many different qualities of argols were then known. The act embraces all the qualities under the single denomination of "argols, or crude tartar," and imposes the same rate of duty on all. It is not material, therefore, that the article now in question is of a high grade of argols, if it is in fact argols of any grade. But if it is not in a crude state, if it has undergone a process of refining, was it known in commerce in July, 1846, as argols? or have such articles come into commerce since 1846, and have they been known as partly refined argols? If the latter is true, then we must look for the rule fixing the rate of duty, in some other part of the laws, and not in the clause imposing five per cent. on argols, or crude tartar. It has been decided by the supreme court of the United States, that the 20th section of the tariff act of 1842 is still in force. That section is as follows: "That there shall be levied, collected, and paid, on each and every non-enumerated article which bears a similitude, either in material, quality, texture, or the use to which it may be applied, to any enumerated article chargeable with duty, the same rate of duty which is levied and charged on the enumerated article which it most resembles in any of the particulars before-mentioned; and if any non-enumerated article equally resembles two or more enumerated articles, on which different rates of duty are chargeable, there shall be levied, collected, and paid, on such non-enumerated article, the same rate of duty that is chargeable on the article which it resembles, paying the highest rate of duty; and on all articles manufactured from two or more

materials, the duty shall be assessed at the highest rates at which any of its component parts may be chargeable." At the same time, the third section of the tariff act of 1846, which is also in force, enacts that, goods not specially provided for in that act, shall pay a duty of twenty per centum. And the defendant contends that if you find the import now in question is neither argols, nor cream of tartar, it is not specially provided for in that act, and so must pay a duty of twenty per centum. But, it is necessary to take these two sections, namely, the 20th section of the act of 1842, and the 3d section of the act of 1846, together. And they must be so construed, that both can have a sensible and just operation. The 20th section does not impose any particular rate of duty on any article. It merely gives rules of construction, by the aid of which we can determine under what schedule, if any, of the act of 1846, particular articles fall. And if, by the aid of these rules of construction, any particular article comes under one of those schedules, then it is provided for by the act of 1846, and of course does not fall within the third section as a non-enumerated · article. If this import, now in question, is neither argols, nor cream of tartar, then, though it is not enumerated by any name, yet it may bear such a similitude to one or the other of them, as to fall within the rules prescribed by the 20th section, and thus become liable to pay the rate of duty imposed upon that article which it most nearly resembles. You must therefore proceed to inquire whether the article before you has a similitude in material, quality, or use, to crude tartar, or cream of tartar; or if to both, which it most resembles in these particulars; or whether it resembles each, in equal degree, in these particulars of material, quality, or use. If it most resembles crude tartar, it is liable to a duty of five per centum only. If it most resembles cream of tartar, it is liable to a duty of twenty per centum. If it equally resembles each, it is liable to the highest rate of duty paid by either, that is, twenty per centum.

The judge then examined and commented on the evidence bearing on these questions. The jury found that the import in question was liable to pay a duty of five per cent. only.