KRESHOWER v. UNITED STATES.

(Circuit Court, S. D. New York. January 8, 1907.)

No. 4,088.

1. CUSTOMS DUTIES—CLASSIFICATION—ORNAMENTAL LEAVES—PREPARED LEAVES
   —WREATHS.

   Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 425, 30 Stat. 191
   [U. S. Comp. St. 1901, p. 1675], relating to artificial or ornamental leaves,
   *held* to include leaves elaborately prepared so as to restore their natural
   appearance and prevent decomposition; also to include them when made
   up into wreaths and attached to wire frames.

2. SAME—"MANUFACTURE"—PRESERVATION OF LEAVES.

   As to palm leaves which have been subjected to processes that restore
   their natural appearance and prevent decay, and some of which have been
   arranged in wreaths on wire frames, *held* that, as there had been no ad-
   vance in manufacture that destroyed the original articles or made them
   useful for other purposes or altered their trade designation, they still
   remained dutiable as "leaves," under Tariff Act July 24, 1897, c. 11, § 1,
   Schedule N, par. 425, 30 Stat. 191 [U. S. Comp. St. 1901, p. 1675], rather
   than as "manufactures" of palm leaf, provided for in paragraph 450, 30
   Stat. 193 [U. S. Comp. St. 1901, p. 1678].

On Application for Review of a Decision of the Board of United
States General Appraisers.

The decision below affirmed the assessment of duty by the collector
of customs at the port of New York on goods imported by L. J.
Kreshower; the Board of General Appraisers following a former deci-
sion reported as G. A. 5,800 (T. D. 25,630).

Comstock & Washburn (J. Stuart Tompkins, of counsel), for im-
porter.

J. Osgood Nichols, Asst. U. S. Atty.

HAZEL, District Judge. The articles in question, consisting of
cycas palm leaves and of wreaths made of such leaves, were assessed
for duty at 50 per cent. ad valorem under paragraph 425 of the present
tariff act (Act July 24, 1897, c. 11, § 1, Schedule N, 30 Stat. 191 [U.
S. Comp. St. 1901, p. 1675]), which includes artificial or ornamental
leaves, flowers, and stems of whatever material composed, not specially
provided for. The protest states that the leaves and wreaths are duti-
able at 30 per cent. ad valorem under paragraph 449, which includes
manufactures of palm leaf or of which the same is the component ma-
terial of chief value, or, in the alternative, at 20 per cent. ad valorem
under section 6, as nonenumerated manufactured articles. The im-
porters contend that the leaves and wreaths, having passed beyond the
condition of mere leaves, are not properly dutiable as artificial or or-
namental leaves. The proofs show that the natural leaves are first
dried, then boiled in a solution of glycerin, and after again being dried
are varnished; the purpose being to restore their natural appearance
and prevent decomposition. The single question is whether the articles
are more specifically described in the paragraph under which the im-
porters claim they are dutiable, or whether the classification of the col-
lector was correct. It seems to me that, as the object of the treatment
of the leaves was to prevent decomposition and to retain or restore their

original appearance, they are more appropriately included in the category of artificial or ornamental leaves, and cannot be classed as an article of manufacture. The wreaths of leaves, it is true, were made in part of metal; that is, the leaves were suitably attached to a circular thin wire frame. The collection of leaves in a wreath was not a transformation or alteration of them, and the wire attachment certainly was not a component part of the wreath, but it seems to have been merely an incidental part thereof. No new branches or parts were added. The treatment did not result in a change of the leaves from their former appearance. There was no advance in manufacture in the sense that the process of preservation destroyed the original articles or made them useful for other purposes or altered their trade designation. Hartranft v. Wiegmann, 121 U. S. 609, 7 Sup. Ct. 1240, 30 L. Ed. 1012.

In the cases of In re Sheldon, G. A. 4,247 (T. D. 19,982), and G. A. 4,560 (T. D. 21,625), which counsel for the importer points out were followed by the Circuit Court in the cases of G. W. Sheldon & Co. v. United States, No. 3,364 (T. D. 26,101), and No. 3,281 (T. D. 26,462), single palm leaves that had been chemically treated were held to be dutiable under paragraph 449 as manufactures of palm leaf, but the question as to whether such articles were dutiable under paragraph 425 was not presented or considered in those cases.

The principle of De Jonge v. Magone, 159 U. S. 562, 16 Sup. Ct. 119, 40 L. Ed. 260, is not inapplicable, and therefore the decision of the Board of General Appraisers is affirmed.