BAYERSDORFER & CO. v. UNITED STATES.

(Circuit Court, E. D. Pennsylvania. May 12, 1909.)

No. 59.

1. CUSTOMS DUTIES (§ 37*)—CLASSIFICATION—"ORNAMENTAL LEAVES"—WREATHS, ETC.

   Florists' ornamental supplies, consisting of leaves of various plants arranged in the form of wreaths, crosses. etc., are dutiable as "ornamental leaves" under Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 425, 30 Stat. 191 (U. S. Comp. St. 1901, p. 1675).

   [Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 37.*]

2. CUSTOMS DUTIES (§ 30*)—CLASSIFICATION—STATICE WREATHS—"NATURAL FLOWERS, PRESERVED."

   Statice wreaths, which have all the appearance of "natural flowers * * * preserved," are dutiable under the enumeration of such articles in Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 251, 30 Stat. 170 (U. S. Comp. St. 1901, p. 1650).

   [Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 30.*]

3. CUSTOMS DUTIES (§ 37*)—CLASSIFICATION—GRASSES.

   Certain grasses are *held* to be more specifically provided for as manufactures of grass under Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 449, 30 Stat. 193 (U. S. Comp. St. 1901, p. 1678), than as "artificial grains, leaves, or flowers," under paragraph 425, 30 Stat. 191 (U. S. Comp. St. 1901, p. 1675).

   [Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 37.*]

On Application for Review of a Decision by the Board of United States General Appraisers.

Comstock & Washburn (George J. Puckhafer, of counsel), for importers.

J. Whitaker Thompson, U. S. Atty., and Jasper Yeates Brinton, Asst. U. S. Atty.

HOLLAND, District Judge. This is an appeal by the importers from a decision of the Board of General Appraisers affirming the classification of the collector in respect to a large and varied assortment of imported ornamental florists' supplies, as follows: "Ruscus grun," "Areca blatter," "Cycas leaves," "Magnolia wreath," "Ilex wreath," "Ruscus cross," "Tull leaf," "Adiantum fern," "Ruscus wreath," "Phœnix leaves," "Leaves in form of cross," "Palm leaf wreath."

The appraiser at this port returned these importations as "ornamental leaves," and the collector classified them as such, and assessed a duty on each one of 50 per cent. ad valorem under Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 425, 30 Stat. 191 (U. S. Comp. St. 1901; p. 1675), following the decision of Judge Hazel in Kreshower v. U. S. (C. C.) 152 Fed. 485, and this classification and assessment was affirmed by the Board of General Appraisers. For the reasons stated by the latter, the decision of the board is affirmed.

The same importer has appealed from the decision of the Board of General Appraisers in its affirmance of the collector in classifying

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"Statice wreaths" under paragraph 251 of the tariff act as "natural flowers * * * preserved or fresh," and assessing a duty of 25 per cent. ad valorem in accordance with the provision of this paragraph. This exhibit has all the appearance of "natural flowers * * * preserved," and we think that the classification and assessment of the board should be affirmed; and it is so ordered.

The classification of the grasses (Exhibit 13 of the same importer) under paragraph 425 of the tariff act, and an assessment of 50 per cent. ad valorem thereunder by the collector, which was affirmed by the Board of General Appraisers, we have concluded is erroneous. An inspection of this importation convinces us that they are more properly classified as "manufactures of grasses," dutiable at 30 per cent. ad valorem under paragraph 449. The language in paragraph 425 levying a duty on "artificial grains, leaves or flowers" does not as specifically describe this article as the terms referred to in paragraph 449. The assessment should therefore be 30 per cent. ad valorem under this paragraph.

The decision of the board as to the classification and assessment of this importation is reversed.