UNITED STATES v. H. BAYERSDORFER & CO.

H. BAYERSDORFER & CO. v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. November 29, 1909.)

Nos. 17, 18 (1,974).

1. CUSTOMS DUTIES (§ 37*)—CLASSIFICATION—"ORNAMENTAL LEAVES"—DYED GRASSES—BLEACHED GRASSES.

Bleached or dyed grasses that are intended for ornamental or decorative purposes are classible as "ornamental * * * leaves * * * not specially provided for," under Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 425, 30 Stat. 191 (U. S. Comp. St. 1901, p. 1675), rather than under paragraph 449, 30 Stat. 193 (U. S. Comp. St. 1901, p. 1678), as "manufactures" of grass, or under section 2, Free List, par. 566, 30 Stat. 198 (U. S. Comp. St. 1901, p. 1684), relating to "grasses * * * not dressed or manufactured."

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 37.*]

2. CUSTOMS DUTIES (§ 37*)—"ORNAMENTAL LEAVES"—PREPARED PALM LEAVES.

Palm leaves that have been subjected to a process of painting, etc., to give them their natural appearance and to prevent decomposition, are dutiable as "ornamental * * * leaves * * * not specially provided for." under Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 425, 30 Stat. 191 (U. S. Comp. St. 1901, p. 1675), rather than as "palms, preserved, * * * suitable for decorative purposes," under Schedule G, par. 251, 30 Stat. 170 (U. S. Comp. St. 1901, p. 1650).

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 37.*]

3. CUSTOMS DUTIES (§ 37*) — "ORNAMENTAL LEAVES" — WREATHS AND CROSSES ON WIRE—ARTICLES IN PART OF METAL.

Wreaths and crosses mounted on wire frames are dutiable as "ornamental * * * leaves * * * not specially provided for," under Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 425, 30 Stat. 1901 (U. S. Comp. St. 1901, p. 1675), rather than as articles in part of metal, under Schedule C, par. 193, 30 Stat. 167 (U. S. Comp. St. 1901, p. 1645).

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 37.*]

Cross-Appeals from the Circuit Court of the United States for the Eastern District of Pennsylvania.

The decision below (171 Fed. 286) reviewed, and reversed in part, a decision by the Board of United States General Appraisers, which had affirmed the assessment of duty by the collector of customs at the port of Philadelphia.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The goods in controversy were described as follows in the opinion of the Board of General Appraisers: Areca blätter (Exhibit 2), cycas leaves (Exhibit 3), magnolia wreath (Exhibit 4), ilex (holly) wreath (Exhibit 6), ruscus cross (Exhibit 7), ruscus wreath (Exhibit 10), phenix leaves (Exhibit 11), leaves in form of cross (Exhibit 12), grasses (Exhibit 13), and palm leaf wreath (Exhibit 14). With the exception of the grasses (Exhibit 13), the Circuit Court affirmed the Board's conclusion that all the foregoing were properly classified under paragraph 425, tariff act of 1897 (Act July 24, 1897, c. 11, § 1, Schedule N, 30 Stat. 191 [U. S. Comp. St. 1901, p. 1675]), relating to ornamental leaves. Said grasses the Circuit Court held dutiable as "manufactures" of grass under paragraph 449. The evidence was undisputed that some of them had been bleached and the remainder dyed. In these appeals it is contended by the government that the assessment under paragraph 425 should have been affirmed, while the importers contend that the Circuit Court should have held the goods to be free of duty under paragraph 566, relating to "grasses * * * not dressed or manufactured," citing as authority for this proposition Bayersdorfer v. United States, 122 Fed. 968, and United States v. Richard, 99 Fed. 262.

The testimony showed Exhibits 2, 3, and 11 (areca, cycas, and phenix leaves) to consist of palm leaves that had been subjected to a process for restoring or preserving their natural appearance and preventing decomposition. The importers contend that they are dutiable under the provision in paragraph 251 "for palms preserved, * * * suitable for decorative purposes." The remaining exhibits (Nos. 4, 6, 7, 10, 12, and 14) consisted either of wreaths or crosses, which were arranged on wire frames. The frames were estimated by various witnesses to constitute from 5 to 20 per cent. of the cost of the completed articles. In accordance with the decision of the Circuit Court of the United States for the Southern District of New York, in Kreshower v. United States, 152 Fed. 485, the Board and the Circuit Court held these articles to have been properly classified under paragraph 425 (ornamental leaves), as above stated, rather than as articles in part of metal (paragraph 193). The importers contend that they should have been given this latter classification—under paragraph 193—on the authority of United States v. Berlinger, 167 Fed. 800.

The general testimony was to the effect that the various goods in dispute were sold by florists and undertakers for decorative or ornamental purposes.

D. Frank Lloyd, Deputy Asst. Atty. Gen. (Jasper Yeates Brinton, Asst. U. S. Atty., of counsel, and J. Whitaker Thompson, U. S. Atty., on the brief), for the United States.

Comstock & Washburn (J. Stuart Tompkins, of counsel), for importers.

Before GRAY, BUFFINGTON, and LANNING, Circuit Judges.

BUFFINGTON, Circuit Judge. These cases involve the classification for duty of importation of grasses, leaves, wreaths, etc. Their various kinds and characteristics are stated at length in the opinion of the court below, reported at 171 Fed. 286, and need not be here repeated. Both the importer and the government appealed.

The conclusions reached in that opinion commend themselves to us, with the exception of the grasses, which the court below classified under paragraph 449, tariff act of 1897. As to them this court is of opinion that they are more appropriately classified under that clause of paragraph 425 which provides for—

"artificial or ornamental feathers, fruits, grains, leaves, flowers, and stems or parts thereof, of whatever materials composed, not specially provided for in this act, fifty per centum ad valorem."

The decree of the court, therefore, so far as the appeal of the importer at No. 18 is concerned, is affirmed; and, so far as the appeal of the government at No. 17 is concerned, the decree is reversed, with directions to enter the grasses in question under paragraph 425.