LANG *et al. v.* UNITED STATES (No. 1106).[1]

1. PALM LEAVES, BLEACHED AND DYED.

    The legislative history of paragraphs 251, tariff act of 1897, and 263, tariff act of 1909, shows there was no intention to make the term "palms" cover palm leaves, preserved. These articles of the importation are ornamental leaves within the meaning of paragraph 438, and therefore dutiable as assessed.

2. NATURAL GRASSES, DYED AND PREPARED.

    These ornamental grasses serve the same purposes as the ornamental grains and leaves enumerated in paragraph 481, and they are dutiable thereunder by similitude.

3. AIGRETTES OF DYED AND PREPARED GRAINS AND GRASSES.

    So far as appears from the record and the samples in evidence these aigrettes are manufactures of metal, and therefore dutiable under the provisions of paragraph 199.

### United States Court of Customs Appeals, January 22, 1914.

APPEAL from Board of United States General Appraisers, Abstracts 30906 and 30949 (T. D. 33055).

[Reversed as to part and affirmed as to part.]

*Comstock & Washburn* (*J. Stuart Tompkins* on the brief) for appellants.

*William L. Wemple,* Assistant Attorney General (*Leland N. Wood,* special attorney, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:

Grains, grasses, grasses made up into aigrettes for women's hats, and palm, fern, and beech leaves, imported at the ports of Chicago, Philadelphia, and New York under the tariff acts of 1897 and 1909, were classified by the several collectors of customs as ornamental natural grains, grasses, and leaves, and were assessed for duty, according to date of importation, either at 50 per cent ad valorem under paragraph 425 of the act of 1897 or at 60 per cent ad valorem under paragraph 438 of the act of 1909. The paragraphs under which the collectors classified the goods and assessed them for duty, in so far as pertinent to the issue here involved, are as follows:

1897.

425. \* \* \* Artificial or ornamental feathers, fruits, grains, leaves, flowers, and stems or parts thereof, of whatever material composed, not specially provided for in this Act, fifty per centum ad valorem.

---

[1] Reported in T. D. 34129 (26 Treas. Dec., 146).

1909.

438. * * * Artificial or ornamental feathers, fruits, grains, leaves, flowers, and stems or parts thereof, of whatever material composed, not specially provided for in this section, sixty per centum ad valorem; boas, boutonnieres, wreaths, and all articles not specially provided for in this section, composed wholly or in chief value of any of the feathers, flowers, leaves, or other materials or articles herein mentioned, sixty per centum ad valorem.

The importers protested, first, that the grains, grasses, aigrettes, and fern and beech leaves imported subsequent to August 5, 1909, were either entitled to free entry as grasses, fibers, or fibrous vegetable substances under paragraph 578, or as crude unmanufactured vegetable substances under paragraph 630, or dutiable as manufactures of chip or grass under paragraph 463, or as nonenumerated manufactured articles under paragraph 480; second, that the palm leaves were palms, preserved, and therefore dutiable at 25 per cent ad valorem either under paragraph 251 of the act of 1897 or under paragraph 263 of the act of 1909, as the date of importation might determine.

The Board of General Appraisers overruled the protests, and the importers appealed.

In their brief on appeal the appellants waive their claims as to the fern leaves and beech leaves, but insist that the importers' protests as to the grains, grasses, aigrettes, and palm leaves should be sustained.

From the testimony adduced by the importers at the hearing and the samples in evidence it appears that the palms and palm leaves referred to in the protests are leaves of the cycas, coco, and areca palm. These leaves are first bleached and then dyed to their natural color, which process serves not only to give a natural appearance to the leaves, but also preserves them from decay. The importers contend that the palm leaves are palms preserved and therefore dutiable, according to date of importation, either under paragraph 251 of the tariff act of 1897 or under paragraph 263 of the tariff act of 1909, which read as follows:

1897.

251. Orchids, palms, dracænas, crotons and azaleas, tulips, hyacinths, narcissi, jonquils, lilies, lilies of the valley, and all other bulbs, bulbous roots, or corms, which are cultivated for their flowers, and natural flowers of all kinds, preserved or fresh, suitable for decorative purposes, twenty-five per centum ad valorem.

1909.

263. Orchids, palms, azaleas, and all other decorative or greenhouse plants and cut flowers, preserved or fresh, twenty-five per centum ad valorem; lily of the valley pips, tulip, narcissus, begonia, and gloxinia bulbs, one dollar per thousand; hyacinth, astilbe, dielytra, and lily of the valley clumps, two dollars and fifty cents per thousand; lily bulbs and calla bulbs, five dollars per thousand; peony, Iris Kæmpferii or Germanica, canna, dahlia, and amaryllis bulbs, ten dollars per thousand; all other bulbs, bulbous roots or corms which are cultivated for their flowers or foliage, fifty cents per thousand.

We think that the importers' contention is unsound. In our opinion, duty is imposed by both paragraphs on palm plants in their natural state and not on palm leaves or on palms which have lost

their vitality and are artificially preserved. In this view we are confirmed by the legislative history of the paragraphs in question and by the interpretation given to the word "palms" as it appeared in the tariff acts of 1894 and 1897. Paragraph 234½ of the act of 1894 took "orchids, lily of the valley, azaleas, *palms, and other plants*, used for forcing under glass for cut flowers or decorative purposes" from the free list and subjected them to a duty of 10 per cent ad valorem, and that provision was held by the board to embrace living plants and not dyed or painted palm leaves which had lost their vitality. *In re* Sheldon & Co. (T. D. 16970). Paragraph 251 of the act of 1897 amended paragraph 234½ of the act of 1894 by providing separately for plants, for bulbs, bulbous roots cultivated for their flowers, and for natural flowers, preserved or fresh. No language was used, however, in the amended provision showing any intention whatever to include palm leaves within the designation of palms, and the board so decided on the protest of G. W. Sheldon & Co. (T. D. 21625).

Paragraph 263 of the act of 1909 changed paragraph 251 of the act of 1897 only to the extent of providing for additional bulbous roots, varying the order of enumeration, and substituting cut for natural flowers. Palms, azaleas, and all other decorative plants were grouped, it is true, in paragraph 263 with cut flowers, preserved or fresh. From that fact alone, however, it can scarcely be concluded that Congress intended to lay a duty on palms, preserved; that is to say, on palms which had ceased to be plants. By every rule of grammatical construction the words "preserved or fresh" relate to cut flowers, not to palms, and any change accomplished by paragraph 263 of the tariff act of 1909 in the order of enumeration as it existed in paragraph 251 of the tariff act of 1897 must be ascribed to a desire to bring together in the same subdivision all items subject to the same kind and rate of duty, and not to an intention to make the term "palms" cover palm leaves, preserved. In our opinion, the palm leaves which are here the subject of controversy are ornamenta leaves within the meaning of paragraph 438 and therefore dutiable as assessed. Bayersdorfer *v.* United States (171 Fed., 286); United States *v.* Bayersdorfer (175 Fed., 959).

No testimony was introduced as to the nature and character of the grains and grasses made the subject of protest, and for the facts determinative of their classification we are remanded to the report of the appraiser. From that report it appears that the grasses referred to in the protests consisted of "natural grasses dyed and prepared, suitable and used for ornamental purposes." The importers argue that grasses dyed and prepared are either manufactures of grass, dutiable under paragraph 463, or nonenumerated articles manufactured in whole or in part, dutiable under paragraph 480 of the act of 1909. Paragraphs 463 and 480 are as follows:

463. Manufactures of bone, chip, grass, horn, quills, india rubber, palm leaf, straw, weeds, or whalebone, or of which these substances or any of them is the component

material of chief value, not specially provided for in this section, thirty-five per centum ad valorem; but the terms "grass" and "straw" shall be understood to mean these substances in their natural form and structure, and not the separated fiber thereof; sponges made of rubber, forty per centum ad valorem; combs, composed wholly of horn, or composed of horn and metal, fifty per centum ad valorem.

480. That there shall be levied, collected, and paid on the importation of all raw or unmanufactured articles, not enumerated or provided for in this section, a duty of ten per centum ad valorem, and on all articles manufactured, in whole or in part, not provided for in this section, a duty of twenty per centum ad valorem.

It may be that the grasses in this case have been so dyed and prepared that they constitute a new article and are fitted for a use for which undyed and unprepared grasses would not be suitable, and that they are therefore manufactures of grasses. If such be the fact, however, the burden was on the importers to show it by competent evidence, and having failed to do so we must hold that the dyed and prepared grasses here involved are not manufactures of grass and therefore not dutiable under paragraph 463 as claimed in the protest. It is true, as contended by the importers, that ornamental grasses and grasses designed for ornamental purposes do not fall within the designation of ornamental grains and leaves as those terms are commonly used and that such grasses are not specifically provided for by the paragraph under which they were assessed for duty by the collector. Such ornamental grasses, however, serve the same purposes and are put to the same uses as the ornamental grains and leaves enumerated in that paragraph, and we think they are dutiable thereunder by similitude in accordance with the provisions of paragraph 481, in as much as that paragraph must. be first applied before recourse is had to the provisions of paragraph. 480 for articles manufactured in whole or in part and not provided for. Hahn v. United States (100 Fed., 635); Ross v. Peaslee (20 Fed. Cas., 1241–1242); Vandiver v. United States (2 Ct. Cust. Appls.,. 505–507; T. D. 32246).

As appears from the report of the appraisers, the aigrettes mentioned in the protest of Theo. Ascher & Co. are manufactured from dyed and prepared grains and grasses and are used for trimming ladies' hats. An inspection of the aigrettes, a sample of which was. introduced in evidence at the hearing, discloses that they are composed of grasses, paper, and wire, but which of these constituents. is the component of chief value was not established by the importers. Indeed, so far as appears from the record, no evidence at all was introduced on that subject. The aigrettes can not, therefore, be classified as manufactures wholly or in chief value of grass under paragraph 463 of the act of 1909, as claimed in the protests. So far as appears. from the record and samples in evidence the aigrettes are manufactures in part of metal and therefore dutiable under the provisions. of paragraph 199, which reads as follows:

199. Articles or wares not specially provided for in this section, composed wholly or in part of iron, steel, lead, copper, nickel, pewter, zinc, gold, silver, platinum, aluminum, or other metal, and whether partly or wholly manufactured, forty-five per centum ad valorem.

The aigrettes were claimed by Ascher & Co. to be dutiable under paragraph 199, and as to them the decision of the Board of General Appraisers is therefore *reversed.* In all other particulars the board's decision is *affirmed.*