MITTELSTAEDT (INC.) *v.* UNITED STATES (No. 2208).[1]

1. ANGORA GOAT HAIR AND PRODUCTS.

In the tariff act of 1913, by paragraphs 305 to 309, both inclusive, Congress provided for Angora goat hair and all of its products.—Rosenberg & Co. *v.* United States (7 Ct. Cust. Appls. 213; T. D. 36510).

2. CURLED MOHAIR—MATERIAL AND MANUFACTURE DISTINGUISHED.

Merchandise known variously as "curly mohair," "curled mohair," and "curly mohair tops," made from mohair tops by various manufacturing processes, including dyeing and curling, are too far advanced to be classifiable as mohair tops under paragraph 306, tariff act of 1913, and its classification as a manufacture of mohair under paragraph 308 is affirmed.—Mittelstaedt, Inc., *v.* U. S. (11 Ct. Cust. Appls. 471; T. D. 39537).

## United States Court of Customs Appeals, March 17, 1923.

APPEAL from Board of United States General Appraisers, G. A. 8559 (T. D. 39221).

[Affirmed.]

*Walden & Webster* (*Edward F. Jordan* of counsel) for appellant.

*William W. Hoppin,* Assistant Attorney General (*Charles D. Lawrence,* special attorney, of counsel), for the United States.

[Oral argument January 24, 1923, by Mr. Jordan and Mr. Lawrence.]

Before MARTIN, Presiding Judge, and SMITH and BARBER, Associate Judges.

BARBER, Judge, delivered the opinion of the court:

This case was heard with Mittelstaedt (Inc.) *v.* United States, No. 2200, decided concurrently herewith (T. D. 39537).

The importation is hair of the Angora goat which has been processed in the manner hereinafter described but it is used for making hair rolls, and dolls' wigs, uses similar to those in the other case. It is generally known as "curly mohair" or "curled mohair," sometimes as "curly mohair tops."

It was assessed under paragraph 308 of the tariff act of 1913 which provides for "manufactures of every description made by any process wholly or in chief value of the hair of the Angora goat not specially provided for."

--------

[1] T. D. 39539.

The importer's protest claims it to be dutiable under paragraph 306 of the same act which provides "for tops made from the hair of the Angora goat" and in the alternative under paragraph 286 as other hair advanced, etc.

In the view we take of the case it is unnecessary to consider the alternative claim because in Rosenberg & Co. v. United States (7 Ct. Cust. Appls. 213; T. D. 36510) upon mature consideration of the subject we held that paragraphs 305 to 309 inclusive were designed by Congress to inclusively provide for Angora goat hair and the products thereof, to which view we still adhere.

In the case at bar the Board of General Appraisers overruled the protest.

The raw material, Angora goat hair is not given free entry by the act but upon it and upon various gradations and products thereof special duty rates are provided and the question is under which of these this importation falls. Tops of Angora goat hair only are dutiable under paragraph 306.

The record in this case does not show how Angora tops are produced but it does show how the imported merchandise is made therefrom. An importer's witness testified that the plain tops were dyed and curled to produce the imported article, without undertaking to describe the processes to which it was subjected, while a witness for the Government described in detail how it was done as follows: The plain top was dyed with the required shade, then subjected to the operation of a gilling machine which produced a roving which he also called a sliver; it then went through a drawing box which reduced the sliver; then was twisted on a particular machine; then curled; then boiled and dried and then untwisted by a machine, the result being the curled mohair which constitutes the importation. The witness also said that its curled condition precludes its use for the manufacture of yarns because the curl would always remain.

The Government offered evidence as to the cost of converting mohair tops into curled mohair which was excluded by the board. We are at liberty however, to take cognizance of the fact that these various operations have undoubtedly increased its value.

As to the contention of the importers that this curly mohair is mohair tops we think as did the board, that the treatment to which the tops have been subjected has removed them from that category and raised them to the estate of a manufacure of mohair and that they are dutiable as assessed.

The authorites cited in the companion case may be referred to

The judgment of the Board of General Appraisers is *affirmed.*