BERNARD, JUDAE & CO. *v.* UNITED STATES (No. 2363).[1]

GRASS, UVA, DRIED AND DYED.

Uva grass which has been dried and dyed is more specifically provided for under paragraph 1419, tariff act of 1922 as "natural * * * plants * * * and parts thereof, chemically treated, colored, dyed or painted" than under paragraph 1622 as "vegetable substances, crude or unmanufactured, not specially provided for" or under paragraph 1439 as "Manufactures * * * of grass," even conceding that the dyeing is such a manufacture as the paragraph contemplates, which is not decided. Paragraph 1582 for the free entry of "grasses and fibers * * * and all other textile grasses or fibrous vegetable substances, not dressed or manufactured in any manner and not specially provided for" can not be applied in the absence of any showing that uva grass is a textile or fibrous substance. Neither paragraph 1406, providing for "Braids, plaits, laces, and willow sheets or squares, composed wholly or in chief value of straw, chip, grass, etc." nor paragraph 751 for "cut flowers, fresh or preserved" can have any possible relation to the merchandise. There being no evidence sufficient to overcome the presumed correctness of the collector's classification, the judgment of the Board of United States General Appraisers overruling the protest is affirmed.

United States Court of Customs Appeals, June 9, 1924.

APPEAL from Board of United States General Appraisers, Abstract 46526.

[Affirmed.]

*Comstock & Washburn* (*J. Stuart Tompkins* of counsel) for appellants.
*William W. Hoppin,* Assistant Attorney General (*John A. Kemp,* special attorney, of counsel), for the United States.

[1] T. D. 40273.

[Oral argument April 10, 1924, by Mr. Tompkins and Mr Hoppin.]

Before MARTIN, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges.

BLAND, Judge, delivered the opinion of the court:

Certain merchandise entering the port of Chicago was invoiced as "red and green Uva grasses." It was held by the collector to be dutiable at 60 per cent ad valorem under paragraph 1419 of the tariff act of 1922. The appraiser's answer to the protest is as follows:

The merchandise consists of natural grasses, colored. Return for duty was made at 60 per cent ad valorem under paragraph 1419, act of 1922, which provides for natural leaves, plants, etc., and parts thereof, chemically treated, colored, dyed, or painted.

The report of the collector is as follows:

Protest 64205 (collector's number) accompanied by the entries and invoices therein referred to are herewith submitted.

The merchandise consists of natural grasses, colored, assessed for duty at 60 per cent ad valorem under paragraph 1419 of the tariff act of 1922, which provides for natural leaves, plants, etc., and parts thereof, chemically treated, colored, dyed, or painted.

The importer protested, claiming:

Said merchandise is not dutiable as assessed, nor is its classification governed by paragraph 1419. It is free of duty under paragraph 1582 or paragraph 1622, or if dutiable, it is dutiable at only 10 per cent or 20 per cent under paragraph 1459, or at 25 per cent under the first clause of paragraph 1439, or at 15 per cent or 20 per cent under the first part of paragraph 1406, or at 40 per cent under the last clause of paragraph 751.

The pertinent parts of the paragraphs above referred to are as follows:

PAR. 1419. (Act of 1922.) * * * natural leaves, plants, shrubs, herbs, trees, and parts thereof, chemically treated, colored, dyed, or painted, not specially provided for, 60 per centum ad valorem; * * *.

PAR. 1406. Braids, plaits, laces, and willow sheets or squares, composed wholly or in chief value of straw, chip, grass, palm leaf, willow, osier, rattan, real horsehair, cuba bark, or manila hemp, suitable for making or ornamenting hats, bonnets, or hoods, not bleached, dyed, colored, or stained, 15 per centum ad valorem; * * * but the terms "grass" and "straw" shall be understood to mean those substances in their natural form and structure, and not the separated fiber thereof.

PAR. 751. Tulip, lily, and narcissus bulbs, and lily of the valley pips, $2 per thousand; hyacinth bulbs, $4 per thousand; crocus bulbs, $1 per thousand; all other bulbs and roots, root stocks, clumps, corms, tubers, and herbaceous perennials, imported for horticultural purposes, 30 per centum ad valorem; cut flowers, fresh or preserved, 40 per centum ad valorem.

PAR. 1582. (Free list.) Grasses and fibers: Istle or Tampico fiber, jute, jute butts, manila, sisal, henequen, sunn, and all other textile grasses or fibrous vegetable substances, not dressed or manufactured in any manner, and not specially provided for.

PAR. 1622. (Free list.) Moss, seaweeds, and vegetable substances, crude or unmanufactured, not specially provided for.

PAR. 1439. Manufactures of bone, chip, grass, horn, quills, india rubber, gutta-percha, palm leaf, straw, weeds, or whalebone, or of which these substances or any of them is the component material of chief value, not specially provided for, 25 per centum ad valorem; * * *.

PAR. 1459. That there shall be levied, collected, and paid on the importation of all raw or unmanufactured articles not enumerated or provided for, a duty of 10 per centum ad valorem, and on all articles manufactured, in whole or in part, not specially provided for, a duty of 20 per centum ad valorem.

The Board of General Appraisers overruled the protest and sustained the action of the appraiser and the collector. Before the Board of General Appraisers, the only evidence introduced was to the effect that an illustrative sample correctly and accurately represented the merchandise described in the invoice as "red and green uva grasses," and the appraiser's report was also offered and admitted as evidence.

The following definition of uva grass is quoted from Bailey's Standard Cyclopedia of Horticulture, Vol. III, page 1421:

Uva-grass—Culms perennial, as much as 40 feet high; on the sterile shoots the lvs. are aggregated, fan-like at the summit; on the fertile sts. they are scattered along the middle, the basal and upper portions being naked; plume white or tawny. B. M. 7352.—Cult. for ornament, the plumes resembling those of pampas grass. Not hardy outside the Tropics. For pampas grasses see *Cortaderia* and *Pampas-Grass*.

The meager record in this case discloses, and from an examination of the illustrative samples it appears, that the tops of uva plants have been cut off in lengths of about 5 feet, and dried and dyed and shipped. It is the chief contention of the importer that under certain decisions of this and other courts the merchandise should be classified under one of the free-list paragraphs, 1622 or 1582.

We think the merchandise is specially provided for in paragraph 1419, which provides for "natural plants and parts thereof, colored, dyed, or painted."

The case of Mittelstaedt (Inc.) v. United States (11 Ct. Cust. Appls. 475; T. D. 39539), which held that certain dyed and curled mohair tops should be classified as manufactures of mohair rather than mohair tops, is cited with the evident purpose of sustaining the importer's contention that the merchandise in question should be classified under paragraph 1439 as a manufacture of grass. It is more specifically provided for in paragraph 1419 since it is "colored, dyed, or painted" and is a natural grass. In view of the last sentence, it is not necessary to determine the question as to whether coloring, dyeing, and painting is such a manufacturing process as to make the importation a manufacture of grass. However, in the

Mittelstaedt case, supra, elaborate processes of manufacture were applied to the curled mohair tops and rendered them unfit for the general uses to which they were ordinarily applied. The above case and the cases of Lang et al. *v.* United States (5 Ct. Cust. Appls. 85; T. D. 34129); United States *v.* F. W. Myers & Co. (139 Fed. 344; T. D. 26517) (the fireproofed lumber case), and United States *v.* American Express Co. (6 Ct. Cust. Appls. 36; T. D. 35275) (the colored catgut case), are so clearly not in point that discussion would seem to be unnecessary.

If a classification under paragraph 1439 as a "manufacture of * * * grass" was desired by the importer, and if he did not believe paragraph 1419 sufficiently specific to include his commodity, it would seem that he should have introduced evidence in the case showing the manufacturing processes through which the grass had passed. The case was submitted upon the sample and the appraiser's and the collector's reports declaring the merchandise to be natural grasses colored, and finding that they come under paragraph 1419. The evidence in the record and the sample before us afford no justification for overriding the presumption of correctness in the appraiser's and collector's reports. The burden is upon the importer to prove that the classification was wrong and that the importation should fall under one of the paragraphs claimed by him in his protest. Stegemann, jr., *v.* United States (5 Ct. Cust. Appls. 393; T. D. 34395), and cases cited.

Paragraph 1582 for the free entry of "grasses and fibers * * * and all other textile grasses or fibrous vegetable substances, not dressed or manufactured in any manner and not specially provided for" does not apply to the instant importation in so far as it is not shown that it is a textile or fibrous vegetable substance. Paragraph 1622 for "vegetable substances, crude or unmanufactured, not specially provided for," and paragraph 1439, "manufactures * * * of grass," do not apply for the reason that paragraph 1419 is more specific in so far as it provides for "plants, shrubs, herbs, and trees and parts thereof chemically treated, *colored, dyed,* or *painted.*"

Paragraph 1406, providing for "Braids, plaits, laces, and willow sheets or squares, composed wholly or in chief value of straw, chip, grass, etc.," or paragraph 751 for "cut flowers, fresh or preserved" could have no possible relation to this kind of merchandise.

The decision of the Board of General Appraisers is *affirmed.*