P. C. KUYPER & Co. ET AL. *v.* UNITED STATES (No. 3151)[1]

United States Court of Customs and Patent Appeals, April 2, 1929

*Allan R. Brown* for appellants.

*Charles D. Lawrence*, Assistant Attorney General (*Ralph Folks* and *Oscar Igstaedter*, special attorneys, of counsel), for the United States.

[Oral argument January 30, 1929, by Mr. Igstaedter]

Before GRAHAM, Presiding Judge, and BLAND and HATFIELD, Associate Judges

BLAND, Judge, delivered the opinion of the court:

The dutiable classification of isolepsis, imported by appellants at the port of New York, is in controversy here.

The importation, so-called isolepsis grass, results from the stripping of palm leaf with the use of some kind of knife or machine, until it resembles a natural grass. It is then dyed and chemically treated for preservation, and, after being so treated, is used mainly for decorative purposes. It is frequently used with flowers, natural or artificial, in the same way that ferns, mosses, and grasses are used. It is sometimes dyed red, blue, purple, or other color. The isolepsis at bar is green.

The merchandise was assessed for duty under paragraph 1419 of the Tariff Act of 1922 at 60 per centum ad valorem, and it was claimed in appellants' protest to be dutiable under paragraph 1439 at 25 per centum ad valorem as a manufacture of palm, or under paragraph 1459 at 20 per centum ad valorem. The pertinent parts of the three paragraphs involved follow:

PAR. 1419. * * *; artificial or ornamental feathers suitable for use as millinery ornaments, artificial or ornamental fruits, vegetables, grains, leaves, flowers, and stems or parts thereof, of whatever material composed, not specially provided for, 60 per centum ad valorem; natural leaves, plants, shrubs, herbs, trees, and parts thereof, chemically treated, colored, dyed or painted, not specially provided for, 60 per centum ad valorem; * * *.

PAR. 1439. Manufactures of * * *, palm leaf, straw, weeds, or whalebone, or of which these substances or any of them is the component material of chief value, not specially provided for, 25 per centum ad valorem; * * *.

PAR. 1459. * * * all articles manufactured, in whole or in part, not specially provided for, * * * 20 per centum ad valorem.

The United States Customs Court overruled the protest, basing its action upon its prior decisions. Appellants moved for a rehearing, which motion was, by a divided court, denied. In the motion for rehearing, appellants set out substantially the same contentions as they have presented here in brief and by oral argument.

The position of appellants is that under the decision of this court in *United States* v. *Post & Co.*, 3 Ct. Cust. Appls. 260, T. D. 32568, and *Lang et al.* v. *United States*, 5 Ct. Cust. Appls. 85, T. D. 34129, grass of the kind at bar is not directly dutiable under paragraph 1419, since the paragraph does not cover grasses, although it covers grains and leaves; that the merchandise in question is described and classifiable under paragraph 1439 as manufactures of palm leaf, and that since it is provided for in paragraph 1439, it can not be classified under paragraph 1419 by similitude.

The Government contends that the cases cited are not in point, in so far as the last-quoted provision in paragraph 1419 is new legislation and was not included in prior acts; that the merchandise here consists of "natural leaves or plants or parts thereof, chemically treated, colored, dyed, etc." In point 2 of the Government's

argument it says that if the merchandise is not dutiable as above indicated, it is dutiable under the first-quoted provision of the same paragraph (par. 1419) as "artificial or ornamental leaves, stems, or parts thereof, of whatever material composed."

The question, therefore, is: Is the merchandise "artificial or ornamental * * * leaves * * * or parts thereof, * * * not specially provided for," or "natural leaves, plants, * * * and parts thereof * * * not specially provided for," or is the merchandise a *manufacture of palm leaf, not specially provided for.* This court has never passed upon the proper classification of this kind of merchandise.

Palm leaf is a *natural leaf* and is a part of a *natural plant*, and palm leaf, when given an ornamental character, may also be said to be an *ornamental leaf.* But the importation at hand is more than a leaf or plant and is more than a part of a leaf or plant. It is a leaf or plant or parts thereof manufactured into another article, to wit, isolepsis. It ceased to be a natural leaf or a natural plant or a part thereof when the palm leaf was shredded and manufactured into an article resembling grass and known as isolepsis grass. It is, therefore, aptly and definitely described in paragraph 1439 as a manufacture of palm leaf, and is dutiable thereunder.

The judgment of the United States Customs Court is *reversed.*