INTERNATIONAL FORWARDING Co. *v.* UNITED STATES (No. 1165).[1]

IMMORTELLES DYED IN COLORS.
> The dyeing process to which these flowers were subjected was designed to beautify them with new and sometimes brilliant colorings, thereby improving and advancing rather than preserving their condition. They are not preserved cut flowers, but are ornamental flowers within the meaning of paragraph 438, tariff act of 1909.—Bayersdorfer & Co. *v.* United States (4 Ct. Cust. Appls., 446; T. D. 33875, *supra*).

United States Court of Customs Appeals, November 11, 1913.

APPEAL from Board of United States General Appraisers, Abstract 31863 (T. D. 33325).

[Affirmed.]

*Lester C. Childs* for appellant.

*William L. Wemple*, Assistant Attorney General (*Samuel Isenschmid*, assistant attorney, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The merchandise involved in this case consists of immortelles, which were imported under the tariff act of 1909. Some of the immortelles

---

[1] Reported in T. D. 33878 (25 Treas. Dec., 448).

were natural flowers which simply had been dried; these were assessed with duty by the collector at 25 per cent ad valorem as preserved cut flowers under paragraph 263 of the act. Others were not only dried but were also dyed in different colors, and these the collector assessed with duty at 60 per cent ad valorem as ornamental flowers under paragraph 438 of the act.

The importers duly protested against the assessment, claiming that all of the immortelles were alike dutiable at 25 per cent ad valorem as preserved cut flowers under paragraph 263 or all were alike entitled to free entry as crude vegetable substances under paragraph 630 of the act.

The protest was heard upon evidence before the Board of General Appraisers and was overruled. The importers now prosecute error to this court, assigning, however, the single alleged error that the board failed to hold that the dyed immortelles were dutiable like the others at 25 per cent ad valorem as preserved cut flowers under paragraph 263. This constitutes, therefore, the sole issue in the present case.

The following is a copy of paragraphs 263 and 438 of the act of 1909, thus called into review in this case:

263. Orchids, palms, azaleas, and all other decorative or greenhouse plants and cut flowers, preserved or fresh, twenty-five per centum ad valorem; lily of the valley pips, tulip, narcissus, begonia, and gloxinia bulbs, one dollar per thousand; hyacinth, astilbe, dielytra, and lily of the valley clumps, two dollars and fifty cents per thousand; lily bulbs and calla bulbs, five dollars per thousand; peony, Iris Kæmpferii or Germanica, canna, dahlia, and amaryllis bulbs, ten dollars per thousand; all other bulbs, bulbous roots or corms which are cultivated for their flowers or foliage, fifty cents per thousand.

438. Feathers and downs of all kinds, including bird skins or parts thereof with the feathers on, crude or not dressed, colored, or otherwise advanced or manufactured in any manner, not specially provided for in this section, twenty per centum ad valorem; when dressed, colored, or otherwise advanced or manufactured in any manner, including quilts of down and other manufactures of down, and also dressed and finished birds suitable for millinery ornaments, and artificial or ornamental feathers, fruits, grains, leaves, flowers, and stems or parts thereof, of whatever material composed, not specially provided for in this section, sixty per centum ad valorem; boas, boutonnieres, wreaths, and all articles not specially provided for in this section, composed wholly or in chief value of any of the feathers, flowers, leaves, or other materials or articles herein mentioned, sixty per centum ad valorem.

As stated above, the single question now presented to the court is whether the dyed immortelles of the present importations are dutiable at 25 per cent ad valorem as preserved cut flowers under paragraph 263 or are dutiable at 60 per cent ad valorem as ornamental flowers under paragraph 438, above copied.

An inspection of the samples discloses the fact that the immortelles in question have been dyed, both flowers and stems, in different uniform colors, so that they no longer resemble the undyed preserved flowers except in form. So thoroughly have the colors of both flowers and stems been changed that they seem to be composed of a new material or fabric. This essential change in one of the cardinal qualities or incidents of the natural flower seems to go beyond the process of merely preserving the article. It is true that the dyeing may aid in preserving the flowers, but it can not be necessary to that purpose. This may be assumed from the circumstance that undyed immortelles appear among the exhibits and apparently are as well preserved as the dyed ones. It seems clear that the dyeing process is chiefly designed to beautify the articles by giving them new and sometimes brilliant colorings, whereby they are improved and advanced in condition rather than preserved.

The following definitions of the verb "preserve" sustain this view:

Standard Dictionary:

*Preserve:* To maintain intact or unimpaired; keep in the same condition; prepared so as to resist decomposition or change.

Oxford Dictionary:

*Preserve:* To keep in existence; make lasting; keep from perishing; to keep from physical or chemical change.

These definitions, which are only expressive of the common usage, demonstrate that the word "preserved" properly applies only to such articles as have been kept in their original state and condition so far as practicable. The present articles have not been kept in their original state and condition so far as practicable, but have been essentially altered in an important particular in a manner materially affecting their peculiar use and value. By virtue of this change they are more ornamental than the natural flowers are, if dried only, and are better adapted for their intended use as articles of ornamentation.

The court therefore concludes that the present articles are not preserved cut flowers, but are ornamental flowers, such as are within the meaning of paragraph 438 of the act.

For a more comprehensive discussion of the questions raised in this case and a more complete citation of authorities, see the decision of this court in the case of Bayersdorfer & Co. *v.* United States (4 Ct. Cust. Appls., 446; T. D. 33875, *supra*), decided concurrently herewith.

Following the decision in that case and the views above expressed the decision of the board is *affirmed.*