UNITED STATES *v.* GAGE BROS. & CO. (No. 1876).[1]

1. CONSTRUCTION, PARAGRAPH 368, TARIFF ACT OF 1913—"NATURAL STATE"— DYEING.

Dyed straw is not straw in its "natural state" within the meaning of that expression in paragraph 368, tariff act of 1913.

2. LEAVES AND FLOWERS MADE OF DYED STRAW—MILLINERY ORNAMENTS.

Leaves and flowers for millinery ornaments, made of straw which has been dyed, but the fibers of which have not been separated, are excluded by the dyeing from classification under paragraph 368, tariff act of 1913, as manufactures of straw in its natural state. They are classifiable as articles composed in chief value of artificial and ornamental leaves and flowers under paragraph 347.

### United States Court of Customs Appeals, March 6, 1918.

APPEAL from Board of United States General Appraisers, Abstract 41325.

[Reversed.]

*Bert Hanson,* Assistant Attorney General (*Thomas J. Doherty,* special attorney, of counsel), for the United States.
Submitted on record by appellees.

[Oral argument Feb. 13, 1918, by Mr. Hanson.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

The merchandise herein is described by the appraiser in his advisory return to the collector as consisting of "millinery ornaments, composed of straw, *in the form* of leaves and flowers.". At the hearing before the Board of General Appraisers the examining officer testified the importations "are all straw *made in the form* of flowers and leaves." The board, in a brief opinion, states:

The testimony shows that the merchandise consists of straw in its natural condition *in the form* of leaves and flowers.

The sample before the court corroborates the foregoing return, testimony, and finding and further witnesses that the straw has been dyed and the fibers not separated.

The board concluded and decreed the merchandise dutiable under the provisions of paragraph 368 of the tariff act of 1913, pertinently reading:

368. * * * Manufactures of * * * grass, straw, * * *. The terms "grass" and "straw" shall be understood to mean these substances in their natural state, and not the separated fibers thereof.

The Government appeals, claiming the merchandise properly dutiable under the appropriate provisions of paragraph 347 of the said act, reading, in so far as pertinent, as follows:

347. * * * Artificial and ornamental fruits, grains, leaves, flowers, and stems or parts thereof, * * * and all articles not specially provided for in this section,

---

[1] T. D. 37584 (34 Treas. Dec., 276).

composed wholly or in chief value of any of the feathers, flowers, leaves, or other material herein mentioned * * *.

Dyed straw is not straw in its "natural state." It is well settled in import law interpretation that dyeing adds a new material to articles or materials so dyed and advances them to a condition beyond their natural state. Bayersdorfer & Co. *v.* United States (4 Ct. Cust. Appls., 446; T. D. 33875), International Forwarding Co. *v* United States (4 Ct. Cust. Appls., 455; T. D. 33878), and United States *v.* Bayersdorfer & Co. (175 Fed., 959).

By no fair construction of the term can dyed straw be held to be straw in its natural state. That is an artificial and not a natural state. The goods are, therefore, if for no other reason, excluded from the provisions of paragraph 368 because made of straw not in its "natural state." These articles clearly fall within paragraph 347 as articles composed in chief value of artificial and ornamental leaves and flowers. That dyeing may add a material to and effect a status of an imported article which will carry it from a tariff status as natural to another tariff status as ornamental was decided in Bayersdorfer & Co. *v.* United States (4 Ct. Cust. Appls., 446; T. D. 33875). See also International Forwarding Co. *v.* United States, supra.

The court is of the opinion that the articles are properly dutiable as assessed by the collector. The decision of the Board of General Appraisers is *reversed.*