UNITED STATES *v.* INTERNATIONAL FORWARDING CO. (No. 1896).[1]

1. CONSTRUCTION, PARAGRAPH 368, TARIFF ACT OF 1913—"NATURAL STATE"— DYEING.

Dyed straw is not straw in its "natural state" within the meaning of that expression in paragraph 368, tariff act of 1913.—United States *v.* Gage Bros. & Co. (8 Ct. Cust. Appls., 306; T. D. 37584).

2 MILLINERY ORNAMENTS OF DYED STRAW.

Millinery ornaments of dyed straw, the fibers of which have not been separated, are classifiable, not as manufactures of straw in its natural state, under paragraph 368, tariff act of 1913, but as "artificial and ornamental fruits, grains, leaves, flowers, and stems or parts thereof, of whatever material composed, not specially provided for," under paragraph 347.

United States Court of Customs Appeals, April 30, 1918.

APPEAL from Board of United States General Appraisers, Abstract 41875.

[Reversed.]

---

[1] T. D. 37632 (34 Treas. Dec., 416).

*Bert Hanson,* Assistant Attorney General (*Frank P. Wilson,* special attorney, of counsel), for the United States.

*Comstock & Washburn* for appellee.

[Oral argument Apr. 20, 1918, by Mr. Hanson and Mr. Washburn.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court.

The merchandise now upon appeal is described by the appraiser as "millinery ornaments composed of straw"; it was assessed with duty at the rate of 60 per cent ad valorem under the provision for "artificial and ornamental fruits, grains, leaves, flowers, and stems or parts thereof, of whatever material composed, not specially provided for," contained in paragraph 347 of the tariff act of 1913.

The importers protested against the assessment, claiming an assessment of 25 per cent ad valorem under the provisions of paragraph 368 for manufactures of grass, straw, and weeds. The protest contained several alternative claims which need not now be mentioned.

The issue was submitted to the Board of General Appraisers, and the protest was sustained. From this ruling the Government appeals.

The following is a copy of the relevant provisions of the paragraphs in question:

347. * * * Artificial or ornamental feathers suitable for use as millinery ornaments, artificial and ornamental fruits, grains, leaves, flowers, and stems or parts thereof, of whatever material composed, not specially provided for in this section, sixty per centum ad valorem; * * *

368. Manufactures of bone, chip, grass, horn, india rubber or gutta-percha, palm leaf, quills, straw, weeds, or whalebone, or of which any of them is the component material of chief value not otherwise specially provided for in this section, shall be subject to the following rates: * * * grass, straw, and weeds, twenty-five per centum ad valorem; * * *. The term "grass" and "straw" shall be understood to mean these substances in their natural state, and not the separated fibers thereof.

The merchandise consists of millinery ornaments, composed of straw dyed in various colors and fabricated into crude flowers and leaves. The straw of which the articles are composed, with the possible and minor exception of one of the flower cones, is whole or entire in form; that is to say, it has not been separated into the "fibers thereof."

The Government contends that the dyed condition of the straw excludes the articles from classification under paragraph 368, supra, upon the claim that dyed straw is not straw in its "natural state" within the proviso to the paragraph.

The importers, however, claim that the limitation of the proviso to straw in its "natural state" must be interpreted together with the associate phrase "and not the separated fibers thereof," and that when so interpreted the proviso would exclude from the paragraph only such straw as is in the form of separated fibers instead of entire stems. It must be conceded that the importer's protest

depends upon the acceptance of this interpretation of the proviso, since otherwise the merchandise would not come within the only paragraph which the protest tenders as the correct one.

The proviso in question was considered by the court in the recent case of United States *v.* Gage Bros. & Co. (8 Ct. Cust. Appls., 306; T. D. 37584), wherein the merchandise was millinery ornaments composed of straw, dyed and in the form of flowers and leaves. There can be no doubt about the essential similarity of the articles with the present ones. In that case, as in this, the merchandise was assessed with duty under paragraph 347, supra, and was claimed by the importers to be dutiable as manufactures of straw in its "natural state" under paragraph 368, supra. The court held that the phrase "in their natural state" as applied to straws conveyed a more comprehensive meaning than the simple negative of the phrase "and not the separated fibers thereof." It was held that dyed straw was not straw in its natural state, and therefore that the merchandise in question was excluded by the proviso from paragraph 368. This conclusion is, upon reconsideration, approved.

We may add one reason in support of the decision to those which are set out therein. In paragraph 463 of the tariff act of 1909 the proviso which corresponds with that now under review was expressed in the following words:

But the terms "grass" and "straw" shall be understood to mean these substances in their natural form and structure, and not the separated fiber thereof.

At the tariff revision of 1913 the words "natural form and structure" were omitted from the proviso, and in their place appeared the words "in their natural state," the proviso not being otherwise amended. It is manifest that the latter words are more comprehensive than the former ones. When the proviso specified the "natural form and structure" of the grass and straw as a criterion, it may have been susceptible to the interpretation that it was intended to imply simply a negative of the clause "and not the separated fiber thereof." But as amended the proviso no longer relates to the "natural form and structure" only of the component grass and straw, but to their "natural state" instead. It seems clear therefore that something more than form and structure are intended by the present words of the proviso, and this effect is given them by the decision in the case just cited.

The decision of the board is accordingly *reversed.*