UNITED STATES *v.* ROSENTHAL-SLOAN MILLINERY Co. (No. 1898).[1]

MILLINERY ORNAMENTS OF DYED STRAW.

Colored chip-straw millinery ornaments crudely resembling flowers and leaves are, following United States *v.* International Forwarding Co. (8 Ct. Cust. Appls., 378; T. D. 37632), decided concurrently herewith, classifiable not as manufactures of

straw in its natural state under paragraph 368, tariff act of 1913, but as "artificial and ornamental fruits, grains, leaves, flowers, and stems or parts thereof, of whatever material composed, not specially provided for," under paragraph 347.

## United States Court of Customs Appeals, April 30, 1918.

APPEAL from Board of United States General Appraisers, Abstract 41777.

[Reversed.]

*Bert Hanson,* Assistant Attorney General (*Frank P. Wilson,* of counsel), for the United States.
*Comstock & Washburn* for appellee.

[Oral argument Apr. 20, 1918, by Mr. Hanson and Mr. Washburn.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The merchandise in this case is composed of colored chip-straw millinery ornaments crudely resembling flowers and leaves.   One of the items, being perhaps the least like a flower or leaf, was assessed with duty at 60 per cent ad valorem as "trimmings" under paragraph 358, tariff act of 1913, while the other items were assessed at the same rate of duty under the enumeration of "artificial flowers," in paragraph 347 of the act.

The importer protested, claiming assessment of the merchandise at the rate either of 20 or 25 per cent ad valorem as manufactures of chip or straw under paragraph 368 of the act.

The Board of General Appraisers sustained the protest, and the Government appeals.

It appears from the exhibits that the articles in question are made of dyed straws which are whole or entire, and are not split or separated into their fibers.   It is claimed by the Government that the proviso to paragraph 368, supra, forbids the assessment of these articles under that paragraph, because of their dyed condition, claiming that "dyed straws are not straws in their natural state" as required by the proviso.   The proviso reads as follows:

The terms "grass" and "straw" shall be understood to mean these substances in their natural state, and not the separated fibers thereof.

The importers contend upon the other hand that according to its correct interpretation the foregoing proviso excludes from the paragraph only such straws as are not whole or entire but are split and reduced to "their fibers."

The question at issue therefore is identical with that decided concurrently herewith by the court in United States *v.* International Forwarding Co., and in accordance with the decision in that case the ruling of the board in this case is *reversed.*