## Johnson & Co. *v.* United States (No. 1954).[1]

1. Construction, Paragraph 368, Tariff Act of 1913—Dyed Straw Articles.
   Dyed straw is not straw in its "natural state" within that expression in paragraph 368, tariff act of 1913, and articles made of it are not dutiable under the paragraph.

2. Evidence—Judicial Notice.
   The court takes judicial notice that certain exhibits made of straw are dyed.

3. Construction, Paragraph 385, Tariff Act of 1913—Nonenumerated Articles—Similitude.
   When there is no specific provision for merchandise, it can be classified under paragraph 385, tariff act of 1913, as a nonenumerated article only in case it is not, in material, texture, or use, similar to any article enumerated in the act.

4. Construction, Paragraph 347, Tariff Act of 1913—"Artificial."
   In order to render merchandise classifiable under paragraph 347, tariff act of 1913, as "artificial and ornamental fruits, grains, leaves, flowers, and stems, or parts thereof," an exact imitation is not essential.

5. Millinery Ornaments.
   Dyed straw millinery ornaments, crudely resembling "fruits, grains, leaves, flowers. and stems, or parts thereof," were held dutiable by the Board of United States General Appraisers as "artificial and ornamental fruits, grains, leaves, flowers, and stems, or parts thereof," under paragraph 347, tariff act of 1913, rather than as nonenumerated articles under paragraph 385, and the decision is affirmed.   Merchandise composed of strips of colored straw, but not resembling any of the things named in paragraph 347 should have been classified as claimed, under paragraph 385.

## United States Court of Customs Appeals, March 10, 1920.

Appeal from Board of United States General Appraisers, Abstract 42665.

[Modified.]

*John Giblon Duffy* for appellants.

*Bert Hanson*, Assistant Attorney General (*Harry M. Farrell*, assistant attorney, of counsel), for the United States.

---

[1] T. D. 38333 (38 Treas. Dec., 223).

[Oral argument October 14, 1919, by Mr. Hanson.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

Duty was assessed on the merchandise covered by the protest here involved at the rate of 60 per cent ad valorem as artificial flowers, under the provisions of paragraph 347 of the tariff act of 1913. The importers claim that duty should have been assessed either at 25 per cent under paragraph 368 or at 15 per cent under paragraph 385 of the act. In this court, counsel states that for the purpose of this appeal he limits his claim as to dyed straw articles to that made under paragraph 385, claiming that such articles should be assessed with duty under that paragraph at 15 per cent ad valorem, and that as to such of the articles as are shown by the record to be manufactured of undyed straw, they are claimed to be dutiable under paragraph 368, at 25 per cent. As from an inspection of the samples (there having been no other evidence offered in the case) we are led to believe that all the articles represented consisted of dyed straw, this amounts in effect to limiting the claim of the importer to paragraph 385, the claim being that the articles should be assessed as nonenumerated manufactured articles.

The board defined the character of the articles in controversy as follows:

The record and samples show that the merchandise consists of colored straw and other materials fashioned into more or less crude representations of leaves, flowers, stems, and other articles, similar to those involved in United States *v.* Gage Bros. & Co. (8 Ct. Cust. Appls., 306; T. D., 37584), United States *v.* International Forwarding Co. (8 Ct. Cust. Appls., 378; T. D., 37632), and United States *v.* Rosenthal-Sloan Millinery Co. (8 Ct. Cust. Appls., 380; T. D., 37633).

The accuracy of this statement is attacked by the brief of the importer, and it is said that by no stretch of the imagination can the merchandise in the instant case be styled artificial flowers, for they present not the least resemblance to artificial flowers. This presents a startling difference between the finding of the board and the claim of the importer, and throws the burden upon the court of determining the question of fact in the first instance as to whether there is a resemblance between each one of the articles involved and natural flowers.

In the recent case of United States *v.* American Bead Co. (9 Ct. Cust. Appls., 212; T. D., 38044), we laid down the rule, which is in harmony with the decisions relied upon by the board in this case, that an exact imitation of a natural flower is not essential. It was said:

It is obvious from a reading of paragraph 347 that an exact imitation is not essential to bring the articles aimed at within its terms. The fact that artificial flowers, and so forth, are made dutiable, of whatever materials composed, demonstrates that an imitation need not be so exact as to deceive the eye. This would be impossible when

a variety of materials is open to use. The association of the words with "millinery ornaments" would indicate also that an imitation of leaves and flowers which rendered an article suitable for such ornamental use is within the provision.

An examination of the exhibits in this case discloses that in every instance, with the exception hereinafter noted, an attempt has been made to form something in the semblance of a flower, crude in some cases, it is true, but daisies, roses, and in almost all instances leaves and stems, appear in the exhibits. There are two wreaths which appear to be composed of artificial leaves. It also appears that in some instances the articles are not colored as the natural flower with which we are familiar is colored. In other words, there are some black roses and the wreaths referred to above consist of black leaves. Even if we want to assume that the natural color is essential before an article can be said to be an artificial flower or leaf and that simulation of form is not enough, the articles in question which are not given the color of the natural flower are we think nevertheless dutiable by similitude as artificial flowers. It will be noted that there is no specific provision for these goods. It was laid down by this court in Vandiver v. United States (2 Ct. Cust. Appls., 505, at 507; T. D. 32246), that recourse can be had to the section providing for nonenumerated articles only in case the article in question is not, in material, texture, or use to which it may be applied, similar to any article enumerated in the act. This principle was reaffirmed and applied to a case involving ornamental grasses in Lang v. United States (5 Ct. Cust. Appls., 85, at page 88.) It is obvious that the articles here involved are all, with the exception to be later noted, designed for like or similar uses, which are the uses of artificial flowers. They are not dutiable as straw ornaments, because they have passed beyond the stage of a manufacture of straw, as limited by paragraph 368, by having been dyed. (See United States v. Gage Bros. & Co. (8 Ct. Cust. Appls., 306; T. D. 37584.) As before stated, the only claim that can with any force be made is under paragraph 385, the provision for nonenumerated manufactured articles. The similitude clause has precedence over this general catch-all clause. It follows that as to all the articles bearing this resemblance to artificial flowers, the decision of the board must be affirmed.

There appears, however, one article, Exhibit W 10318, which is composed of strips of colored straw, the use of which is not discoverable from an inspection. But it is plainly not similar to that of artificial flowers. As to the articles covered by this exhibit, the importer's claim under paragraph 385 is sustained and the decision of the board reversed, and in respect to all other items, affirmed.

*Modified.*

SMITH and BARBER, Judges, concur in the conclusion reached.