AKAWA, MORIMURA & CO. v. UNITED STATES (No. 2167).[1]

1. SIMILITUDE.
   Merchandise which is expressly excluded by the terms of a paragraph can not be classified under that paragraph by similitude to any of the merchandise included in the paragraph.

2. DYED STRAW—"NATURAL STATE."
   Dyed straw is not in its "natural state," under paragraph 368, tariff act of 1913.

3. STRAW RUGS WITHOUT WARP.
   Rugs made of braids of dyed straw, without warp, sewed together with cotton threads, are excluded from paragraph 368, tariff act of 1913, by reason of the straw not being in its natural state, and from paragraph 272 by reason of having no warp. They are classifiable as vegetable fiber rugs under paragraph 273 by similitude of use rather than as miscellaneous manufactures under paragraph 385.

4. EVIDENCE—PRESUMPTION IN FAVOR OF COLLECTOR'S CLASSIFICATION.
   When the protest makes no correct claim, the collector's classification, though erroneous, must stand. ›

United States Court of Customs Appeals, January 22, 1923.

APPEAL from Board of United States General Appraisers, G. A. 8511 (T. D. 39022).

[Affirmed.]

*Walden & Webster (Henry J. Webster* of counsel) for appellants.

*William W. Hoppin*, Assistant Attorney General (*Charles D. Lawrence* and *Harry M. Farrell*, special attorneys, of counsel), for the United States.

---

[1] T. D. 39132.

[Oral argument October 6, 1922, by Mr. Webster and Mr. Lawrence.]

Before SMITH, BARBER, and MARTIN, Associate Judges.

MARTIN, Presiding Judge, delivered the opinion of the court:

The protest in this case relates in part to certain rugs which were made of straw, without warp, sewed together with cotton threads. The straw in some of these was dyed before use; and others were made of natural or undyed straw.

The articles were assessed with duty at the rate of 25 per cent ad valorem under the general provision for manufactures of straw, contained in paragraph 368, tariff act of 1913.

The importers protested, claiming assessment at the rate of 2½ cents per square yard under the provision for straw rugs in paragraph 272, or alternatively, at the rate of 15 per cent ad valorem for nonenumerated manufactured articles under paragraph 385 of the act.

When the board passed upon the protest it held that the two kinds of rugs thus described, to wit, those made of dyed and those of undyed straw, were dutiable, respectively, under different enumerations. It was held that those composed of undyed or natural straw were dutiable as assessed, under the provision for manufactures of straw in paragraph 368. The protest was accordingly overruled to that extent. As to the rugs which were composed of dyed straw, the board held that they were excluded from paragraphs 368 and 272 by force of express limitations contained in those paragraphs, but that they responded either directly or by similitude to the enumerations of paragraph 273. Since that paragraph, however, had not been claimed or relied upon by the importers, the board overruled the protest, without approving the collector's assessment.

The importers have appealed from the board's decision. They do not, however, contest the first branch of it, to wit, that relating to the rugs made of natural or undyed straw. But as to those made of dyed straw they repeat their claim for assessment under paragraph 272 or 385 as set out in the protest, and they contest the decision of the board to that extent.

For convenience we copy the paragraphs thus cited:

272. Floor mattings, plain, fancy, or figured, including mats and rugs, manufactured from straw, round or split, or other vegetable substances, not otherwise provided for in this section, and having a warp of cotton, hemp, or other vegetable substances, including what are commonly known as China, Japan, and India straw matting, 2½ cents per square yard.

273. Carpets, carpeting, mats, and rugs made of flax, hemp, jute, or other vegetable fiber (except cotton), 30 per centum ad valorem.

368. Manufactures of bone, chip, grass, horn, india rubber or gutta-percha, palm leaf, quills, straw, weeds, or whalebone, or of which any of them is the component material of chief value not otherwise specially provided for in this section, shall be subject to the following rates: Manufactures of india rubber or gutta-percha, com-

monly known as druggists' sundries, 15 per centum ad valorem; manufactures of India rubber or gutta-percha, not specially provided for in this section, 10 per centum ad valorem; palm leaf, 15 per centum ad valorem; bone, chip, horn, quills, and whalebone, 20 per centum ad valorem; grass, straw, and weeds, 25 per centum ad valorem; combs composed wholly of horn or of horn and metal, 25 per centum ad valorem. The terms "grass" and "straw" shall be understood to mean these substances in their natural state, and not the separated fibers thereof.

385. That there shall be levied, collected, and paid on the importation of all raw or unmanufactured articles not enumerated or provided for in this section a duty of 10 per centum ad valorem, and on all articles manufactured, in whole or in part, not provided for in this section, a duty of 15 per centum ad valorem.

As already stated the board's decision concerning the rugs made of natural or undyed straw has not been brought before us upon this appeal; nevertheless we may observe that it follows the rulings of this court in Akawa, Morimura & Co. v. United States (6 Ct. Cust. Appls. 379; T. D. 35921). The merchandise in that case was sewed rugs composed of braids of natural or undyed straw. They were assessed with duty at the rate of 25 per cent ad valorem under the provision for manufactures of straw in paragraph 368, tariff act of 1913. The protest claimed assessment under the provision for straw rugs having a warp of cotton, in paragraph 272 of the act. Upon that issue the court held against the protest upon the ground that the rugs in question actually had no warp of cotton. The assessment of the articles under the provision for manufactures of straw in paragraph 368 was sustained, and the board's decision to that effect was affirmed. In the present case the board, as already observed, followed the decision in the former case, in so far as the merchandise in that case was similar to that involved in this. But there were no rugs made of dyed straw before the board or court in the former case; the question concerning them therefore was not touched upon therein. The decision, however, has been thus mentioned as explanatory in part of the history of the subject.

The present issue therefore is res nova, and relates to the classification for duty of rugs made of braids of dyed straw, without warp, sewed together with cotton threads. The board held that these were excluded from paragraph 368, by force of the ultimate proviso thereof, to wit, that "the terms 'grass' and 'straw' shall be understood to mean these substances in their natural state, and not the separated fibers thereof." It has been held repeatedly by this court that this proviso excludes manufactures of dyed straw from that paragraph. United States v. Gage (8 Ct. Cust. Appls. 306; T. D. 37584); United States v. International Forwarding Co. (8 id. 378; T. D. 37632); Johnson & Co., v. United States (10 id. 54; T. D. 38333); Cochran Co., v. United States (10 id. 62; T. D. 38336). And since the proviso expressly excludes these rugs from paragraph 368 as manufactures of straw, they should not be classified thereunder

by similitude to manufactures of any of the other materials which are named in that paragraph. United States *v.* Neuman & Schwiers Co. (6 Ct. Cust. Appls. 228, 229; T. D. 35467); Schoenemann *v.* United States (119 Fed. 584); Fensterer & Ruhe *v.* United States (1 Ct. Cust. Appls. 93; T. D. 31110).

Upon the same principle the rugs in question are excluded from assessment under paragraph 272, since that paragraph is limited by its express provisions to such as have a warp of cotton, hemp, or other vegetable substance. The present articles have no warp at all; therefore they do not respond to the enumerations contained in paragraph 272. And for the same reasons as last above set out they can not be included by similitude within a paragraph which contains express terms excluding them therefrom.

In view of these results the board held that the rugs in question should be assessed with duty under paragraph 273, supra. We think that this conclusion is inescapable under the terms of the act, and that the articles should be assessed under that paragraph by similitude of use between the rugs therein provided for and those now before us.

It is needless to say that since the goods in question thus respond to one of the enumerations of the act the provisions of paragraph 385 for nonenumerated articles can not apply.

The decision of the board is accordingly *affirmed.*