UNITED STATES *v.* BASKET IMPORTING CO. (No. 2486) [1]

CONSTRUCTION, ESTABLISHED PRACTICE A MASTER RULE—STRAW IN NATURAL STATE, PARAGRAPH 1439, TARIFF ACT OF 1922.

The courts, and this court especially, in passing upon close questions of construction in tariff legislation, have stressed the importance of uniformity of decision and of settled and well understood administrative practice. The persuasiveness of the fact that a position, technically more correct, might be arrived at by the consideration of fine distinctions when reviewed under a new statement of facts, must yield to the advantages to be derived by all parties concerned from a policy affecting the levying of customs duties, which is well understood and acquiesced in. *United States* v. *Gage Bros. & Co.*, 8 Ct. Cust. Appls, 306, T. D. 37584, and *Johnson & Co.* v. *United States*, 10 Ct. Cust. Appls. 54, T. D. 38333, held dyed straw to be excluded from the provision of paragraph 368, tariff act of 1913, for straw in its natural state. Reenactment of this provision in the same language in paragraph 1439, Tariff Act of 1922, must be regarded as a legislative sanction of such construction; and it must be adhered to notwithstanding doubt as to its technical correctness, and notwithstanding that it results in the anomaly of classifying, on this record, bags of dyed straw at a lower rate, as nonenumerated manufactured articles, under paragraph 1459, than they would have borne as manufactures of straw under paragraph 1439 if undyed.

United States Court of Customs Appeals, May 11, 1925

APPEAL from Board of United States General Appraisers, Abstract 48030

[Affirmed.]

*William W. Hoppin*, Assistant Attorney General (*William H. Futrell*, special attorney, of counsel), for the United States.
*Allan R. Brown* (*J. L. Klingaman* of counsel) for appellee.

[Oral argument April 21, 1925, by Mr. Futrell and Mr. Brown]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BLAND, Judge, delivered the opinion of the court:

This is an appeal by the Government from a judgment of the Board of General Appraisers sustaining the protest of the importer to the collector's assessment of duty on certain colored straw baskets or bags, used by ladies for carrying purposes, under paragraph 409 of the tariff act, 1922.

Paragraph 409 reads as follows:

Porch and window blinds, *baskets*, chair seats, curtains, shades, or screens, any of the foregoing *wholly or in chief value of* bamboo, wood, *straw*, papier-mâché, palm leaf, or compositions of wood, not specially provided for, 35 per centum ad valorem; if stained, dyed, painted, printed, polished, grained, or creosoted, 45 per centum ad valorem. (Italics ours.)

---

[1] T. D. 40941.

The collector classified the goods in accordance with the appraiser's special report, which stated that the merchandise consisted of baskets, composed of wood, stained or dyed.

The importer, in its protest, claimed the merchandise dutiable under paragraph 1439 as manufactures of straw, or under paragraph 1459 as a nonenumerated, manufactured article, or, by similitude, under paragraph 1432 as a bag.

The board, in its original decision, held the goods to be manufactures of straw under paragraph 1439. Upon rehearing, it was pointed out that the said paragraph contained the following sentence:

The terms "grass" and "straw" shall be understood to mean those substances in their natural state and not the separated fibers thereof—

and that, under the decisions of this court, *United States* v. *Gage Bros. & Co.*, 8 Ct. Cust. Appls. 306, T. D. 37584; and *Johnson & Co.* v. *United States*, 10 Ct. Cust. Appls. 54, T. D. 38333, the fact that the straw was colored prevented the importation then under consideration from being classified under paragraph 1439.

At the time of rehearing, it was urged by the Government that, since the goods were not specifically provided for anywhere in the tariff act, the nonenumerated or catchall paragraph should not be resorted to, if, by similitude, they could be classified with other goods specifically enumerated, and argued that they be classified under paragraph 409, either as baskets made of straw or as similar articles made of straw.

The Board of General Appraisers declined to classify them under paragraph 409, by similitude, stating that the proof did not warrant such classification and characterized the Government's effort to have them so classified as "far-fetched and untenable." The board's decision holds the articles to be bags, finds that they are not specifically provided for anywhere in the act, and that they can not be classified under any specific provision by similitude, and classifies them as nonenumerated manufactured articles under the provisions of paragraph 1459, at the rate of 20 per centum ad valorem.

The board, in its rehearing order, has pointed out that an "anomalous situation" arises from the fact that it was required to classify the bags in controversy, which are in two colors, as nonenumerated, manufactured articles at 20 per centum ad valorem, when, if they had been plain, unpainted straw, they would have been classified under paragraph 1439 as a manufacture of straw and dutiable at 25 per centum ad valorem.

Whether it be the fault of the tariff laws, or of the decisions of this court, or both, we agree that the position in which the board found itself, and in which we find ourselves, is not a happy one and we recognize the incongruity. The road of administering tariff legislation has never been a smooth one and incongruities are plentiful—to be avoided, to be sure, if possible, but to be taken with.

equanimity if unavoidable. *American Smelting & Refining Co.* v. *United States*, 12 Ct. Cust. Appls. 212, T. D. 40226.

If the question before the court, in the two cases above cited, were before us now, for the first time, under the present statement of facts, we might be inclined to give serious consideration to the contention that the words "not the separated fibers thereof" explained what Congress meant when it said "in their natural state," and that they did not intend to exclude from the paragraph manufactures of straw which were colored. These decisions have been followed by those administering recent tariff legislation, and Congress, in the manufactures of straw paragraph of the Tariff Act of 1922, has used language identical with that used in the paragraph relating to the same subject matter in the act of 1913, notwithstanding the decisions of this court.

Congress, by such reenactment, has given approval of the interpretation put upon the clause by this court. *United States* v. *Post & Co.*, 3 Ct. Cust. Appls. 260, T. D. 32568.

If it was conceded that these decisions were erroneous, we believe it would be harmful rather than helpful to make any change, at this time, in our former rulings on this question. The courts, and this court especially, in passing upon close questions of construction in tariff legislation, have stressed the importance of uniformity of decision and of settled and well understood administrative practice. The persuasiveness of the fact that a position, technically more correct, might be arrived at by the consideration of fine distinctions when reviewed under a new statement of facts, must yield to the advantages to be derived by all parties concerned from a policy affecting the levying of customs duties, which is well understood and acquiesced in. *Ulmann* v. *United States*, 5 Ct. Cust. Appls. 357, T. D. 34551; *United States* v. *Baruch*, 223 U. S. 191; *Goussios & Co.* v. *United States*, 2 Ct. Cust. Appls, 317, T. D. 32051.

Under the many definitions of the words "basket" and "bag," both in the dictionaries and in the decisions of the courts, it is too clear to admit of serious contention to the contrary that the importation is a bag and not a basket.

We agree with the Board of General Appraisers that, under this record, the proof is not sufficient to warrant classifying the merchandise under paragraph 409 by similitude. Under a different record it might be otherwise.

The bag paragraphs for bags made of jute, leather, mesh, and paper, can not be resorted to by similitude, and a casual reading of them will be sufficient to convince the reader of the soundness of this position. The merchandise can not be classified under paragraph 1439, by similitude, since the paragraph specifically forbids

it in so far as the merchandise is made of colored straw. It remains for them to be assessed under the nonenumerated paragraph.

The judgment of the Board of General Appraisers is *affirmed*.