Maher-App & Company *v.* United States (No. 4870) [1]

United States Court of Customs and Patent Appeals, November 30, 1956

*Allerton deC. Tompkins* for appellant.

*George Cochran Doub*, Assistant Attorney General, *Richard E. FitzGibbon*, Chief, Customs Section (*Murray Sklaroff*, trial attorney, of counsel), for the United States.

[Oral argument October 2, 1956, by Mr. Tompkins and Mr. FitzGibbon]

Before JOHNSON, Chief Judge, and O'CONNELL, WORLEY, COLE, and RICH, Associate Judges

WORLEY, Judge, delivered the opinion of the court:

This is an appeal from the judgment of the United States Customs Court, Third Division, C. D. 1748, overruling the importer's protest and holding the merchandise involved to be properly classified under paragraph 212 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, and the President's Proclamation of May 4, 1948, T. D. 51909. It is claimed by the importer, appellant here, that classification should have been under paragraph 1558 of the Tariff Act of 1930, as modified by the President under the Trade Agreement procedures, T. D. 52739 and T. D. 52827. The pertinent provisions are as follows:

Paragraph 212, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, and the President's Proclamation of May 4, 1948, T. D. 51909.

China, porcelain, and other vitrified wares (except * * *), composed of a vitrified nonabsorbent body which when broken shows a vitrified or vitreous, or semivitrified or semivitreous fracture, * * * and all other articles composed wholly or in chief value of such ware, * * *:

\*       \*       \*       \*       \*       \*       \*

Articles of the kinds provided for in the preceding item which are painted, colored, tinted, stained, enameled, gilded, printed, or ornamented or decorated in any manner and manufactures in chief value of such ware not specially provided for:

\*       \*       \*       \*       \*       \*       \*

Other (except * * *):

\*       \*       \*       \*       \*       \*       \*

Not containing 25 per centum or more of calcined bone_____ 50¢ per doz., but not less than 45% nor more than 70% ad val.

Paragraph 1558, as modified by the Torquay Protocol to the Agreement on Tariffs and Trade, T. D. 52739, and the President's notification of September 18, 1951, T. D. 52827.

Articles manufactured, in whole or in part, not specially provided for (except * * *)_____10% ad val.

Par. 1559. That each and every imported article, not enumerated in this Act, which is similar, either in material, quality, texture, or the use to which it may be applied to any article enumerated in this Act as chargeable with duty, shall be subject to the same rate of duty which is levied on the enumerated article which it most resembles in any of the particulars before mentioned: * * *.

At the trial it was stipulated that the merchandise consists of artificial teeth for use in place of human teeth, is composed of 99 percent by weight of plastic and 1 percent by weight of mineral pigment, plastic being the component material of chief value; that the plastic is composed entirely of methyl methacrylate; that the plastic and pigment were molded into the form of teeth by the application of heat and pressure; and that the artificial teeth are not composed of the material specifically covered in paragraph 212 of the Tariff Act of 1930.

No contention has been made that the instant merchandise, when broken, shows a "vitrified or vitreous, or semivitrified or semivitreous fracture" as recited in paragraph 212, and the case has been treated by the parties and the lower court on the basis that such a fracture is not shown by the merchandise. Consideration here will accordingly be on the same basis.

The lower court's holding that the merchandise was classifiable under paragraph 212 was based solely on similitude with the articles covered by that paragraph. That holding appears to be questioned here only on the basis of the particular type of fracture specified in paragraph 212, since appellant's brief contains the following statement:

Thus, if Paragraph 212 read "porcelain articles" and no further express words of limitation were contained in the statute the reasoning of the court in the *Strauss & Co.* [*Strauss & Co.* v. *United States*, 2 Ct. Cust. Appls. 203, T. D. 31946] and the *J. M. P. R. Trading Corp.* [*J. M. P. R. Trading Corp. et al.* v. *United States*, 43 C. C. P. A. (Customs) 1, C. A. D. 600] cases would doubtless apply, and we would not be here on appeal. However, Congress has stated in clear and unmistakable language that this paragraph can be extended only to articles in a certain condition—only to articles that show a specific type of fracture— * * *.

With respect to that contention the lower court stated that:

In our view, the words "composed of a vitrified nonabsorbent body which when broken shows a vitrified or vitreous, or semivitrified or semivitreous fracture," are descriptive and are no more exclusionary than the words "combs, composed wholly of horn" or the words "bottle caps of metal." * * *.

Appellant asserts that where a paragraph contains a specific limitation as to some property of the merchandise, it is not proper to classify merchandise which does not have that property under the paragraph by similitude, citing *Cresca Co. (Inc.) et al.* v. *United States*, 17 C. C. P. A. (Customs) 83, T. D. 43376, in which it was held that a substance having less than 50 degrees total sugar could not be classified by similitude under a paragraph expressly calling for more than 50 degrees total sugar.

Similar holdings were made in *United States* v. *Neuman & Schwiers Co.*, 6 Ct. Cust. Appls. 228, T. D. 35467, in which it was held that a provision for biscuits, bread, wafers, cakes and other baked articles "containing chocolate, nuts, fruit or confectionery of any kind" could not be extended by similitude to include baked articles which did not contain any of the ingredients expressly named; in *Akawa, Morimura & Co.* v. *United States*, 11 Ct. Cust. Appls. 418, T. D. 39432, it was held that rugs having no warp at all could not be classified by similitude under a provision for rugs "having a warp of cotton, hemp, or other vegetable substance;" and in *Porges & Levy* v. *United States*, 15 Ct. Cust. Appls. 298, T. D. 42474, it was held that a provision for "wines * * * and similar beverages" could not be expanded by similitude to include liquids which were not beverages.

Neither appellee nor the Customs Court appears to question the soundness of the decisions just cited, and in appellee's brief it is conceded that "If the artificial teeth under consideration were made of porcelain not showing a fracture such as that called for in paragraph 212, or not composed of a vitrified nonabsorbent body, then the *Cresca* case would be applicable to prevent the application of the similitude clause; * * *."

The decision in the instant case depends upon whether the expression "composed of a vitrified nonabsorbent body which when broken shows a vitrified or vitreous or semivitrified or semivitreous fracture" in paragraph 212, is exclusionary, as contended by appellant, or is merely descriptive, as held by the lower court.

In support of its decision, the lower court relied primarily on the *Strauss & Co.* case, cited above, in which it was held that combs made of "gallilith" were properly classified by similitude under a paragraph providing for combs "composed wholly of horn or composed of horn and metal;" *Nevin* v. *United States*, 5 Ct. Cust. Appls. 423, T. D. 34945, in which a provision for "bottle caps of metal" was held not to exclude bottle caps of viscose; and *Ungerer & Co. (Inc.)* v. *United States*, 15 Ct. Cust. Appls. 279, T. D. 42469, in which a natural substance was held properly classifiable by similitude under a paragraph providing for "mixtures or combinations" of ingredients similar to those contained in the natural substance.

It is to be noted that none of the cases relied on by the lower court involved a situation such as the present one in which there is not only an *eo nomine* provision for wares made of certain materials, but in addition, an express limitation as to a physical property.

We are of the opinion that the limitation in paragraph 212 to materials which show a particular kind of fracture is not merely descriptive but exclusionary. It seems evident that, if the paragraph did not name any specific materials but provided broadly for wares which "when broken show a vitrified or vitreous or semivitrified or semivitreous fracture," then under the doctrine of the *Cresca* case, it could not include by similitude any wares which did not show such a fracture. It is not apparent why the fact that the paragraph additionally includes *eo nomine* limitations should increase the number of wares which could be included under it.

As we interpret paragraph 212, the reference to the type of fracture is not merely a further description of "China, porcelain, and other vitrified wares" but is a definite limitation on the materials which may be classified under the paragraph, just as the references to sugar content in the *Cresca* case, and to chocolate, nuts, fruit, and confectionery in the *Neuman & Schwiers Co.* case were.

As above noted, it is conceded in appellee's brief that porcelain not showing the specified fracture is excluded from classification under paragraph 212 by similitude, and to that extent at least, the reference to the fracture must be regarded as an exclusionary limitation. In the absence of evidence as to why the reference to fracture was included in the paragraph, there seems to be no sufficient reason for holding that its effect is to be limited to the materials provided for *eo nomine*. It does not appear logical to hold that porcelain itself, which is provided for *eo nomine* in the paragraph, cannot be included unless it shows the specified type of fracture, whereas the instant merchandise, a plastic composition, which not only is not provided for *eo nomine*, but which no one contends exhibits the required fracture, may be included.

Appellee argues that since the similitude relied on here is that of use, the fracture limitation, which relates to material, quality, or texture, must be disregarded. In our opinion, however, as was stated in the *Cresca* case, no application of the similitude statute can bring under a paragraph merchandise which is excluded by the express language of that paragraph. The cakes involved in the *Neuman & Schwiers Co.* case, which did not include chocolate, nuts, fruit, or confectionery, were no doubt similar in use to cakes containing one or more of those ingredients, but it was nevertheless held that they

could not be included by similitude under a paragraph calling for such ingredients. Similarly, porcelain teeth which did not show the specified fracture would be similar in use to those that did, but appellee agrees that the former could not be included under paragraph 212 by similitude.

It also seems proper to note, in connection with similitude of use that, as pointed out by appellant, it is a matter of common knowledge that artificial teeth are made of substances other than procelain, including gold, enamel, and ivory, which are provided for *eo nomine* in the Tariff Act of 1930. If material, texture, and quality are disregarded, there appears to be no more reason for classifying the instant merchandise by similitude to porcelain teeth than to any of the other materials of which artificial teeth are made.

The instant articles are not designed for a use which is listed *eo nomine* in paragraph 212 of the 1930 Tariff Act. They are not made of any material which is specified in that paragraph and they fail to exhibit, when broken, the type of fracture called for therein. Under those circumstances, we are of the opinion such articles are not properly classifiable by similitude under paragraph 212. The decision of the United States Customs Court is accordingly *reversed*, and the appeal is *remanded* for further proceedings consistent with the views expressed herein.

JOHNSON, Chief Judge, dissents.

COLE, Judge, was present at the argument of this case, but, because of illness, did not participate in the decision.