UNITED STATES *v.* LOFFREDO BROS., GEHRIG HOBAN & CO., INC. (No. 4947)[1]

United States Court of Customs and Patent Appeals, December 15, 1958

---

[1] C.A.D. 697.

▰▰▰▰▰▰▰▰▰▰▰▰

*George Cochran Doub*, Assistant Attorney General, *Richard E. FitzGibbon*, Chief, Customs Section (*Murray Sklaroff* and *Daniel I. Auster*, trial attorneys, of counsel), for the United States.

No appearance and no brief for appellees.

▰▰▰▰▰▰▰▰▰▰

Before O'CONNELL, Acting Chief Judge, and WORLEY, RICH, and MARTIN, Associate Judges

RICH, Judge, delivered the opinion of the court:

▰▰▰ This appeal by the Government[2] is from the judgment of the United States Customs Court, First Division, (Abstract 61279) which sustained the importer's protest against the collector's assessment of duty on the imported merchandise as "optical instruments" under paragraph 228(b) of the Tariff Act of 1930 and held it to be classifiable as nonenumerated manufactured articles under paragraph 1558.

The merchandise is exemplified by a representative sample stipulated into evidence and aptly described in the opinion below as follows:

> The article before us is a plastic item, simulating a pair of binoculars, approximately seven-eighths of one inch in length, and having eyepieces about one-fourth of 1 inch in diameter. Attached thereto is a flimsy metal chain about 1 inch in length. At the end of the chain is a small safety pin. Looking through the eyepieces, small religious pictures can be seen. They appear to be pasted on circular plastic pieces that are fitted into the back of the article (plaintiffs' exhibit 1).

In addition to the stipulation of the exhibit, there was a further stipulation in these words:

> I offer to stipulate that that part of Plaintiffs' Exhibit 1, or all of Exhibit 1 which is made to simulate a binocular, consists totally of polystyrene. This includes the so-called alleged lenses.

An examination of the exhibit shows it to comprise two connected tubes of somewhat conical shape simulating the nonprismatic type of binoculars. Each tube, which is of translucent plastic, contains a clear eyepiece lens and a clear objective lens. On the side of each objective lens facing the eyepiece there appears to be mounted a minute photographic transparency. The eyepiece lenses act to bring into focus and enlarge the said transparencies when the device is held close to the eye. Each objective lens has no function other than that of transmitting light to the transparency which is adjacent to it and to preserve the illusion of a functioning telescopic system. We take judicial notice of the fact that this is a type of so-called novelty which, in various forms, has been on the market for many years.

Similar merchandise was involved in the case of *International Forwarding Co.* v. *United States*, 53 Treas. Dec. 981, Abstract 5788.

---

[2] Appellee neither filed a brief nor appeared at oral argument.

The merchandise there involved was described by the Customs Court as "two little articles of bone [each?] somewhat in the shape of one side of an opera glass. On holding one to the eye the magnified picture of a woman is disclosed, and the other discloses a magnified picture of a child kneeling and the Lord's Prayer in print." The Customs Court in that case sustained the collector's classification of the articles as "optical instruments" under paragraph 228 of the Tariff Act of 1922. No appeal appears to have been taken.

■ The decision of the *International Forwarding Co.* case was summarized at page 554 in the Summary of Tariff Information, 1929, which was before Congress when the paragraph here involved, 228(b) of the Tariff Act of 1930 (successor to paragraph 228 of the Act of 1922), was enacted. The two paragraphs, of the 1922 and 1930 acts respectively, use substantially identical language for the clause here in question, namely "* * * other optical instruments, * * * not specially provided for, * * *" and "* * * all optical instruments, * * * not specially provided for, * * *." Under these circumstances, indicating actual notice by Congress of the decision interpreting the Act of 1922, followed by the subsequent reenactment of substantially the same language in the Act of 1930, it is to be presumed that Congress ratified inclusion of the similar articles involved in the *International Forwarding Co.* case in the category "optical instruments." *August Bentkamp* v. *United States*, 40 CCPA 70, C.A.D. 500; *United States* v. *E. Dillingham, Inc.*, 41 CCPA 221, C.A.D. 555. We note that in the 1930 Act the word "all" was used to modify "optical instruments," whereas the 1922 Act said "other," but we are unable to find any indication that this changed the meaning of the phrase so as to exclude the articles of the *International Forwarding Co.* case.

■ We are unable to find anything in the record or in the opinion of the Customs Court which justifies it in arriving at a conclusion in the present case diametrically opposite to that which it reached in the *International Forwarding Co.* case. It appears to have done so by dividing the phrase "optical instruments" into its component parts, "optical" and "instruments," separately considering them, and then concluding *a priori*, that the devices are not "instruments" because they are mere novelties. The meaning of the term "optical instruments" as an entity, however, after being judicially determined, was subsequently ratified by Congress as including articles similar to the ones in question. Furthermore, uniformity of construction of tariff statutes has been held to be more important than a construction more technically correct. *United States* v. *Basket Importing Co.*, 13 Ct. Cust. Appls. 98, T.D. 40941; *United States* v. *Bernard, Judae & Co.*, 13 Ct. Cust. Appls. 444, T.D. 41346.

The Customs Court has cited the opinion of our predecessor court in *United States* v. *Bliss & Co. et al.*, 6 Ct. Cust. Appls. 433, T.D. 35980, but we find nothing therein inconsistent with a finding that the instant merchandise, which admittedly applies the principles of optics, is not within the meaning of the term "optical instruments" as applied in the *International Forwarding Co.* case. On the contrary, the opinion contains a number of observations on the nature of "optical instruments" which we feel tend to support our conclusion in this case. ▮ That the instant articles may be novelties, we do not feel is a sufficient reason for holding them not to be optical instruments. ▮ The collector's classification is presumed to be correct and the importer must sustain the burden of proving that the classification is wrong. *United States* v. *E. B. Miller Associates, Inc., J. M. Rodgers Co.*, 43 CCPA 14, C.A.D. 603. We feel that the importer failed to sustain this burden.

For the foregoing reasons, the judgment of the Customs Court is *reversed*.

WORLEY, J., concurring.

I am inclined to agree with the Customs Court that the instant device would not ordinarily be considered an optical instrument. However, under the doctrine of legislative ratification of judicial decisions, as reflected by the *International Forwarding Co.* case, discussed in the majority opinion, I must concur with the result reached here, but solely on that ground.