(C. D. 464)

CORPORACION ARGENTINA DE PRODUCTORES DE CARNES *v.* UNITED STATES

United States Customs Court, Third Division

(Decided April 7, 1941)

*Barnes, Richardson & Colburn* (*J. Bradley Colburn* of counsel) for the plaintiff
*Webster J. Oliver*, Assistant Attorney General (*Joseph F. Donohue* and *Alfred A. Taylor, Jr.*, special attorneys), for the defendant.

KEEFE, Judge: The merchandise involved in this case consists of certain dog food imported from Argentina into the port of New York. Duty was assessed thereon at 20 per centum ad valorem under the provisions of paragraph 1558 of the Tariff Act of 1930. Plaintiff claims that the merchandise is properly dutiable by similitude to mixed feeds at 10 per centum ad valorem under paragraph 730 of said act.

The competing paragraphs of the Tariff Act of 1930 provide in part as follows:

PAR. 1558. That there shall be levied, collected, and paid on the importation of * * * all articles manufactured, in whole or in part, not specially provided for, a duty of 20 per centum ad valorem.

PAR. 730. * * * mixed feeds, consisting of an admixture of grains or grain products with oil cake, oil-cake meal, molasses, or other feedstuffs, 10 per centum ad valorem.

PAR. 1559. That each and every imported article, not enumerated in this Act, which is similar, either in material, quality, texture, or the use to which it may be applied to any article enumerated in this Act as chargeable with duty, shall be subject to the same rate of duty which is levied on the enumerated article which it most resembles in any of the particulars before mentioned; * * *

At the trial it was stipulated and agreed that the sample of the instant merchandise, marked in evidence as exhibit 1, contains the ingredients as stated on the label, to-wit, 80 per centum beef cubes and stock, 5 per centum carrots, 5 per centum spinach, and 10 per centum bone meal, and that there is no cereal or grain product contained in the can.

It was further established by the plaintiff that the article is not fit for human consumption because of the content of bone meal; that as imported it is ready for use as a dog food and is so sold; that the merchandise is a complete dog food and has no use other than for the feeding of dogs; and that it is actually used as a dog food in competition with and in the same manner and for the same purpose as similar dog foods containing cereals or other grain products, and is interchangeable therewith.

It was further established that the regular and usual types of dog foods in the market are constituted approximately as follows: Meat products 50.8 per centum, bone 15.2 per centum, cereal 8.6 per centum, and water.

Certain Bureau of Customs rulings relative to the classification of dog foods as mixed feeds were circulated through the medium of the Customs Information Exchange for the information of Customs officers. Copies of these rulings were admitted in evidence as exhibits 2 and 3. The dog food the subject matter of exhibit 2 contained meat products 50.8 per centum, bone 15.2 per centum, cereal 8.6 per

centum, and water 25.4 per centum. Exhibit 3 cited the analyses of two dog foods, the first containing cracked wheat and barley 15.6 per centum, dry meat or meat products 10.5 per centum, bone meal, salt and other substances 2.5 per centum, and water 71.4 per centum. The second analysis is as follows: Cracked wheat and barley 24.6 per centum, dry meat or meat products 3.2 per centum, and water 72.2 per centum.

The importer contends that these rulings, including dog food within the provision for mixed feeds, are as effective for similitude purposes as if dog food was designated *eo nomine* therein under the well-established rule that an article is enumerated under the similitude provision if it comes within a class made dutiable in general terms by the act.

The Government, on the other hand, contends that inasmuch as the dog food herein does not contain any grain products it does not fall within the class of dog foods embraced within the term "mixed feeds," in paragraph 730, because the paragraph describes the merchandise coming within its terms according to the ingredients rather than the use thereof.

Under the similitude provision in paragraph 1559 an unenumerated article which is similar to an enumerated dutiable article either in material, quality, texture, or use is made subject to the same rate of duty as the article so enumerated. Therefore the question before us in this case is whether the merchandise at bar is similar in any one of the particulars named in paragraph 1559 to mixed feeds enumerated in paragraph 730.

In providing for a duty of 10 per centum ad valorem upon mixed feeds, paragraph 730 defines the same as "an admixture of grains or grain products with oil cake, oil-cake meal, molasses, or other feedstuffs." Manifestly, it was the intention of Congress that the "mixed feeds" so provided for should contain grain or grain products as one of the ingredients. The dog food before us admittedly does not contain any grain products. All of the ingredients therein consist of "other feedstuffs." The words "other feedstuffs" clearly exclude grain or grain products. We are therefore of the opinion that Congress did not intend to bring within the terms of paragraph 730 any merchandise which failed to contain grain or grain products.

Dog foods containing grain or grain products have been held properly dutiable as mixed feeds, see *Byrnes* v. *United States*, Abstract 42989. The plaintiff herein has established that the particular dog food in question is similar in quality, texture, and the use to which applied, but when the statute expressly prescribes a duty for material, when it is in a certain condition, it must be taken to preclude the application of the similitude statute to the same material when not in that condition. See *Schoenemann* v. *United States*, 119. Fed. 584,

where such rule was applied and later adopted by our appellate court in the case of *Fensterer & Ruhe* v. *United States*, 1 Ct. Cust. Appls. 93, T. D. 31110.

In the case of *Akawa, Morimura & Co.* v. *United States*, 11 Ct. Cust. Appls. 418, T. D. 39432, the merchandise before the court consisted of straw rugs, without warp, sewed together with cotton threads. The straw in one lot of rugs was in its natural state and others were dyed. The rugs were claimed dutiable by similitude to a provision for rugs, manufactured from straw, having a warp of cotton, hemp, or other vegetable substance. All of the rugs had been classified by the collector under the provision for manufactures of straw, in a paragraph providing that the terms "grass" and "straw" shall be understood to mean these substances in their natural state. The court held that the rugs were excluded from the provision for rugs manufactured from straw because there was no warp, and the dyed rugs were excluded from the provision for manufactures of straw because they were not in their natural state, for the reason that "Merchandise which is expressly excluded by the terms of the paragraph cannot be classified under that paragraph by similitude to any of the merchandise included in the paragraph." [Quoting syllabus.]

Inasmuch as the dog foods in question herein contain no grain or grain products, we hold that the same are excluded from classification by similitude under the provision for mixed feeds as defined in paragraph 730 under the rule announced in the foregoing decisions.

Judgment will therefore be entered in favor of the Government.