(C. D. 682)

HAUG & CO., INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided September 10, 1942)

*Strauss & Hedges; Barnes, Richardson & Colburn* (*J. Bradley Colburn* of counsel), for the plaintiff.

*Paul P. Rao*, Assistant Attorney General (*Joseph F. Donohue* and *Alfred A. Taylor, Jr.*, special attorneys), for the defendant.

Before CLINE, KEEFE, and EKWALL, Judges

KEEFE, Judge: This action involves the classification of certain merchandise imported from Germany, invoiced as "Never-Fail Brand" roasted malt, ground into flour. The collector assessed duty thereon at 20 per centum ad valorem under paragraph 1558, Tariff Act of 1930, as a nonenumerated manufactured article. The plaintiff relies upon the claim that the merchandise is properly dutiable at 40 cents

per 100 pounds under paragraph 722, as barley malt by virtue of the similitude clause of paragraph 1559.

At the trial a witness for the plaintiff testified that the product is a very finely ground wheat malt which is sold to the baking trade to be utilized by bakers for the purpose of producing a diastatic action in baking rolls and bread; that he has used the product personally for such purpose and has seen it used by bakers; that the product is similar to a diastatic barley malt; that barley malt and wheat malt are used to accomplish the identical purpose, the use of one or the other being controlled solely by the preference of the individual baker; that barley malt and wheat malt are used in the same manner and are sold in exactly the same price range; that when a baker desires to have an added diastatic action in his product he would use a diastatic malt and whether such malt be a product of wheat or of barley the identical effect would result.

A sample of the imported merchandise was admitted in evidence as exhibit 1 and a sample of barley malt as illustrative exhibit 2. It was agreed between counsel that there was no distinction between the barley malt in evidence and imported barley malt. An inspection of the samples discloses that exhibit 1 and illustrative exhibit 2 are finely ground materials, exhibit 1 being slightly darker in color than illustrative exhibit 2.

The plaintiff contends that the uncontradicted evidence fully establishes that wheat malt bears a similitude of quality and of use to barley malt inasmuch as both products are sold in the same price range and wheat malt is used in the same manner by the same class of trade for the same purpose and the results accomplished are identically the same as with the use of barley malt, citing Gonzalez v. United States, C. D. 309, 4 Cust. Ct. 147.

The Government contends that the ingredients of barley malt are different from wheat malt and therefore the similitude paragraph has no application, citing Corporacion Argentina de Productores de Carnes v. United States, C. D. 464, 6 Cust. Ct. 211, affirmed upon appeal in C. A. D. 204, 29 C. C. P. A. 288.

In the Gonzalez case, supra, this court reiterated the general rule of law that if merchandise is similar either in "material, quality, texture, or use" to an enumerated article, and if a substantial similitude to an enumerated article is established in any of the particulars enumerated, merchandise should be deemed the same as the enumerated article for the assessment of duty, and it was held that crushed corn was dutiable as cracked corn by virtue of the similitude clause.

In the case of Schmidt v. United States, Abstract 50199 (old series), certain rye malt in the condition of a mass of ground or granulated material was established by the evidence to have been used in the same manner as barley malt for the purpose of making nonalcoholic bever-

ages. This court found that such rye malt was similar in texture and use to barley malt, specifically provided for in paragraph 722 of the act of 1922, and held it dutiable as barley malt by virtue of the similitude clause.

In the case of *Strauss & Co.* v. *United States*, 2 Ct. Cust Appls. 203, T. D. 31946, the merchandise consisted of combs made of gallilith, a product of sour milk, and the collector classified the same as "combs composed wholly of horn, or composed of horn and metal," applying the similitude clause. In holding that the merchandise was properly classified by the collector the court stated:

Combs manufactured from gallilith have, of course, the same identical use as combs made from any other material, and in style, shape, and appearance, as shown by the samples in evidence, they are very similar to combs made of horn, in fact "just like them," as stated by one of the witnesses. With this as the evidence, and as neither gallilith combs nor manufactures of gallilith were specially provided for in the tariff act of 1909, under which the importation was made, the board held that the goods were similar in use to the horn combs for which special provision was made in paragraph 463 and, therefore, dutiable under that paragraph by similitude. Counsel for the importers urge that paragraph 481 is not applicable to the goods in question and that they can not be made dutiable by similitude under the last clause of paragraph 463 for the reason that that clause is restricted to combs composed wholly of horn or horn and metal and therefore explicitly excludes all other combs from its provisions. The difficulty with this contention is that counsel has assumed that an express designation of a particular article is the same thing as an express exclusion of all others. If paragraph 463, under which the merchandise was assessed for duty, excludes all combs other than those mentioned therein, it must be held to do so, not by reason of express language to that effect, but because the specific designation of a particular article implies a legislative intent to exclude all others in the absence of any provision of law otherwise directing. The law, however, under which the goods were imported contains an express statutory declaration which does not permit of that implication, and the distinction between an implied exclusion and an express exclusion, ordinarily of little consequence, must be fully respected if effect is to be given to paragraph 481, a very important provision of the tariff act.

In the *Corporacion Argentina de Productores de Carnes*, case, *supra*, our appellate court was of the opinion that there was an absence of proof sufficient to establish that dog food was substantially similar in material, quality, or texture to any of the articles provided for in paragraph 730, and inasmuch as proof was lacking to establish that the dog food in question has substantially the same nutritive value, or produces substantially the same results, the court was unable to find a similitude of use, being of the opinion that the mere fact that the dog food there involved and other dog foods containing grain or grain products are used as dog foods was insufficient to establish that the use of the dog food there in question was substantially similar to the use of dog foods containing grain or grain products.

In the case before us there is no such insufficiency of proof as to the use to which wheat malt as compared with similar barley malt is

devoted. There is substantial evidence before us that the use of the barley and wheat malt in the baking trade produces identical results; that either malt may be used interchangeably and each is within the same price range. The case relied upon by the Government is not in point here.

From the evidence before us we find that the wheat malt in question is substantially similar in use to barley malt, and following our decision in the *Schmidt* case, *supra*, we hold the merchandise properly dutiable, by virtue of the similitude clause of paragraph 1559, as barley malt under paragraph 722 of the Tariff Act of 1930 at 40 cents per 100 pounds.

Judgment will therefore be rendered in favor of the plaintiff directing the collector to reliquidate the entry assessing duty upon the merchandise under the provisions of paragraph 722, as claimed, and make refund accordingly.